## Shannon *v.* Cobbell, Appellant.

*Broker — Real estate broker — Commissions — Principal and agent.*

In an action by a real estate broker to recover commissions, a verdict and judgment for the plaintiff will be sustained, where it appears that the defendant gave to two agents of the plaintiff the exclusive right to sell certain real estate; that the plaintiff had no personal dealings with defendant; that the two agents entered into an agreement with another real estate broker to give him half the commissions if he sold the property; and that this broker did sell the property.

Argued May 4, 1917.   Appeal, No. 197, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1916, No. 742, on verdict for plaintiff in case of John B. Shannon, trading as John B. Shannon Company v. August Cobbell.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover commissions on the sale of real estate.

At the trial the jury returned a verdict for plaintiff for $1,000.   The court overruled a motion of defendant for judgment n. o. v., REID, J., filing the following opinion:

This case is before us on motions ex parte defendant for a new trial and for judgment n. o. v.

The action is assumpsit for commissions for sale of certain real estate, and the jury rendered a verdict for the full amount of the plaintiff's claim, $1,000.

Plaintiff, a real estate broker, in the City of Pittsburgh, had as his agents James E. Secrist and Jacob Feinert.   It was through them that the commissions were earned, Shannon not having come into contact with the defendant.

The latter in 1915 owned certain real estate in Webster avenue, Pittsburgh, which he was desirous of selling.   Secrist, who heard defendant speak of his property, received from him, so he testified, the exclusive agency for it, with an agreement that if it were sold for $18,000 he (defendant) would pay him a commission of $1,000 for his services.   This story is substantiated by the evidence of Jacob Feinert, in whose presence defendant made the agreement.

It is denied by the defendant, but the jury found that the contract was in fact entered into and we see no reason to overthrow their conclusions.

The property being thus placed in the hands of Shan-

non's agents for sale was, within a few days, brought by them to the attention of Jacob Gold, who undertook to interest his clients in the proposition, for which, in the event of a sale by him, he was to have one-half of the commissions promised by defendant to Secrist and Feinert.

The sale of the property was in fact made by Gold to one Cooper, and the defense to this action was based upon a denial (1) that defendant ever agreed to place the property in the hands of Shannon's agents; (2) that they had no part in the sale, defendant having dealt with Gold without any knowledge that he was Shannon's agent in the transaction.

The jury determined all these contentions against the defendant, and, as stated above, we shall not attempt to overthrow their findings.

One of the reasons for a new trial is that the verdict was against the weight of the evidence.

We are satisfied that this reason is not well founded, as there was sufficient evidence to support the verdict. It was an issue of veracity and the jurors determined it in favor of the plaintiff's witnesses.

The second ground relied upon as the basis of the motion for a new trial was the error of the court in charging the jury upon the question of exclusive agency. This is found at p. 85 (p. 9) of the transcript. The particular matter complained of is embodied in the following paragraph:

"The effect of that would be......that if Mr. Cobbell did give to Mr. Shannon the exclusive agency for the sale of this property and withdrew it from the hands of everybody else, he, Mr. Cobbell, would not have the right to deal with anybody else with regard to it, and, if any commissions were earned, it would seem that Mr. Shannon ought to receive them."

It is maintained by counsel for defendant that this was an erroneous statement of the law, as it did not

take into consideration Cobbell's right to revoke the agency of Shannon.

If it had been an attempt to state the abstract proposition of law, the omission to add the qualifying words "without previously revoking the agency" would be subject to criticism, but where, as in this case, the court was dealing with the concrete facts in evidence, which did not either present or suggest a revocation by defendant, he was not injured by the presentation.

He did not only deny an exclusive agency, but any agency, unless one might be inferred from his reluctant admission that he once talked about the property to Secrist but didn't know he was a real estate agent.

He swore that he gave the property to Gold independently of any connection of Shannon or his agents in the transaction, and on his theory he had neither a duty nor an occasion to first revoke Shannon's agency.

This being true, what possible harm resulted to him through the incomplete presentation of the court's idea.

So far as the facts before the court are concerned, the instruction was essentially correct. The court did not intend nor attempt to say that defendant could not revoke in a proper case, but that, where he had given an exclusive agency and his agent had placed the property in the hands of another (Gold) who had in fact sold the property through the exclusive agent's (Shannon) instrumentality, the owner could not then fraudulently revoke and deprive his agent of the commissions already earned.

This disposes of the second reason urged for a new trial.

The motion for judgment n. o. v. rests solely on the theory that the allegata and probata vary.

The plaintiff's statement of claim avers that defendant agreed to pay him a commission of $1,000 if he sold the property for the sum of $18,000, and that the defendant sold the property for the sum of $19,000.

The evidence discloses the fact that defendant had

542      SHANNON *v.* COBBELL, Appellant.

placed his property in plaintiff's hands at the price of $18,000 cash.

The fact that without revoking. plaintiff's authority, the defendant sold the. property for $19,000, part cash, part merchandise and part the assumption by purchaser of a mortgage through the intervention of the agent to whom Shannon had committed the transaction ought not to deprive plaintiff of his commission. To permit it to have such effect would be simply to ratify defendant's attempted evasion of his agreement by pretending to treat independently with Shannon's agent, Gold. When Cobbell himself varied the terms upon which he dealt with Shannon's agent and accepted a greater purchase-price, even if not all cash, he certainly cannot be allowed to say that Shannon did not comply with the terms required.

This matter was presented in the court's charge in response to a request from defendant's counsel ( Transcript, pp. 95-96) (pp. 17-18) and is the view which the court yet holds upon the subject.

Our conclusion is that there was not such variance as will support defendant's motion for judgment n. o. v.

We must refuse both motions.

And now, January 11, 1917, after hearing, it is ordered that the motions ex parte defendant for a new trial and for judgment n. o. v. be and the same are hereby overruled. Upon payment by plaintiff of the usual verdict fee, the prothonotary is directed to enter judgment upon the verdict in favor of the plaintiff and against the defendant.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*Joseph Stadtfeld,* for appellant.

*Thomas H. Hasson,* for appellee,

OPINION BY ORLADY, P. J., July 13, 1917:

On the trial of this case the parties did not confine their proofs and allegations to the pleadings on file, and the examination of the witnesses took a wide range to present the contention of the respective parties. The disputed facts were fully and adequately submitted to the jury in a charge of which neither party has a right to complain. The opinion of the court, filed in refusing the defendant's motion for judgment non obstante veredicto, fairly answers the argument presented on this appeal. The supplemental order discharging the defendant's rule to have a certain portion of the verdict and judgment marked to his use, continues that phase of the case for the further consideration of the court after the affirmance of this judgment.

An examination of the record does not disclose such error as would warrant another trial, and the judgment is affirmed.