# Cathers *v.* Patchel, Appellant.

*Real estate—Commissions — Contracts — Contracts for sale of
real estate—Brokers—Commissions.*

In an action for commissions on the sale of real estate, the
verdict must be for the defendant, where the evidence established
that the plaintiff acting, under an oral contract of agency, which
was not exclusive, produced a buyer whose offer was not satisfac-
tory, although subsequently the same person, through another
agent, and for a larger offer, purchased the property.

The testimony relied on by the defendant only showed the
negotiations and fell short of proving an actual sale, or of showing
that the broker had produced a purchaser willing to buy at a price
agreed upon or acceptable to the seller.

Argued October 10, 1923.   Appeal, No. 187, Oct. T.,
1923, by defendant, from judgment of the Municipal
Court of Philadelphia, Feb. T., 1923, No. 317, on verdict
for the plaintiff in the case of Samuel Cathers v. Anna
Patchel.   Before ORLADY, P. J., PORTER, HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit to recover commissions for sale of real
estate.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $213.06 and judg-
ment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of de-
fendant's motion for judgment non obstante veredicto.

Cornelius C. O'Brien, and with him John M. Daly, for appellant.—A real estate broker is not entitled to commissions for the sale of property sold by another broker after negotiations with the purchaser were broken off with the first broker, and where the latter did not have the exclusive right of sale: Groskin v. Moore, 249 Pa. 242; Earp v. Cummines, 54 Pa. 394; Curatolo v. Venafrana Beneficial Society St. Nicandro of Phila., 70 Pa. Superior Ct. 542; Shields v. Gerloch, 24 District Reports 83.

P. Deeter, of Bell, Kendrick, Trinkle & Deeter, for appellee.—The case was for the jury and under the evidence the plaintiff was entitled to his commissions: Smith v. Standard Steel Car Co., 262 Pa. 550; Keyes v. Johnson, 68 Pa. 42; Gibson's Est., 161 Pa. 177; Cain v. Werner, 67 Pa. Superior Ct. 438; Peters v. Holmes, 45 Pa. Superior Ct. 278.

OPINION BY PORTER, J., November 21, 1923:

This is an action by a licensed real estate broker to recover commissions upon a sale of real estate, alleged to have been made through his agency. The defendant, a married woman, was the owner of five houses in the City of Philadelphia, which, through her husband, she placed in the hands of several real estate brokers for sale. The employment of the plaintiff was oral, and it was upon the trial admitted that his agency was not exclusive. He recovered a judgment in the court below and the defendant appeals.

The only question raised by the specifications of error is: Was the evidence sufficient to warrant a finding that the services of the plaintiff were the immediate, efficient and procuring cause of the sale? Under the terms of the employment the plaintiff was to receive commissions only in case his services resulted in a sale of the property. There was testimony showing that plaintiff had negotiated with Dominic Centrella, a prospective pur-

chaser, and the latter had made an offer of $1,550 for each of the houses or $7,750 for the entire property. The plaintiff, on August 22, 1921, submitted this offer to the defendant who refused to accept it. The plaintiff had no further negotiations with Centrella, but subsequently sought to find another purchaser. There was no evidence that the defendant or her husband had or sought to have any further direct negotiations with Centrella with regard to the sale of the property. Had the defendant and her husband continued to negotiate with Centrella, or if they had subsequently sold to Centrella for the amount which he had offered through the plaintiff, this might have warranted a finding that the sale which subsequently resulted was due to the services which had been rendered by the plaintiff; but nothing of this kind appeared in evidence. Centrella testified that about a month after his negotiations with plaintiff had terminated he went to another real estate broker who collected rents for the property and who was authorized to sell it, for advice, and that his negotiations with that broker caused him to make an offer for the property of $125 more than the amount of the bid which he had submitted through the plaintiff. This offer of $7 875 was, on September 21, 1921, submitted through the broker, Louis Thomas, to the defendant, who agreed to accept it, and the sale was completed, the purchase money paid and the deed delivered some time in the following month. The defendant paid to Louis Thomas, the broker, a commission of two per cent for his services in the transaction. This testimony was uncontradicted and it is supported by all the other evidence in the case which related to the actual sale of the property. This case is ruled by Groskin v. Moore, 249 Pa. 242, in which it was said: "The testimony relied on by plaintiff only showed negotiations and fell far short of proving an actual sale, or of showing that appellant (in that case the broker) had at any time produced a purchaser willing to buy at a price agreed upon or acceptable to the seller." The

point submitted by the defendant requesting binding instructions should have been affirmed and the rule for judgment non obstante veredicto made absolute.    The assignments of error are sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant notwithstanding the verdict.