## Wilson et al. *v.* Franklin, Appellant.

*Contract—Doubtful meaning—Construction.*

1. Where a contract is of doubtful meaning, it will be construed more strongly against the party who prepared it.

*Brokers —Real estate brokers —Principal and agent —Exclusive agency—Efficient cause—Notice to owner.*

2. A broker can acquire an exclusive right of sale only by a contract in unquestionable terms or by necessary implication.

3. Where an owner gave a broker "the sole and exclusive agency for a period of sixty days" and further provided that the agreement shall "be revocable at the expiration of the above period only by thirty days written notice," the agency continues until revoked, but the exclusive agency ends with the sixty days.

4. In the absence of an exclusive agency, a broker can recover commissions only on the ground that he was the efficient cause of the sale.

5. Two brokers cannot each be the efficient cause of a sale.

6. Where one broker has been the efficient cause of procuring a buyer, the mere fact that the sale was finally concluded through a second broker, will not deprive the first of his commissions.

7. Where a broker, having an ample opportunity, fails to notify the owner of a buyer he has procured, and the owner in ignorance thereof negotiates a sale of the property to the same buyer through another broker to whom he pays a commission, the original broker cannot recover compensation for the sale.

8. In such case it cannot be contended that it was the owner's duty to ascertain whether the first broker had procured the buyer who was brought forward by the second broker.

Argued December 2, 1924.   Appeal, No. 128, Jan. T., 1925, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1923, No. 8793, on verdict for plaintiff, in case of George Wilson et al., trading as Wilson & Son, v.

G. C. Franklin.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Reversed.

Assumpsit by real estate broker for commissions.  Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Judgment and verdict for plaintiffs for $3,150.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Yale L. Schekter,* for appellant.—A broker cannot recover, when the sale is not made within a definite period as provided by the contract, and is subsequently accomplished: Bossart v. Erie, etc., Co., 276 Pa. 63.

The evidence was not sufficient to take the case to the jury on the issue as to whether the plaintiffs were the efficient procuring cause of the sale: Cathers v. Patchel, 82 Pa. Superior Ct. 257, 258; Mitchell v. Baldwin L. Works, 265 Pa. 148; Groskin v. Moore, 249 Pa. 242; Bossart v. Erie C. M. Co., 276 Pa. 63; Earp v. Cummins, 54 Pa. 394; Whitcomb v. Bacon, 170 Mass. 479; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182.

*W. Horace Hepburn, Jr.,* for appellee.—The agreement did confer something beyond the sixty-day period.

The evidence was sufficient to take the case to the jury on the issue as to whether the plaintiffs were the efficient, procuring cause of the sale: Bossart v. Erie Coal Mining Co., 276 Pa. 67.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

On April 27, 1923, G. C. Franklin, the defendant, being the owner of a public garage located at 606-618 South Sixty-Second Street, Philadelphia, gave the plaintiffs, Wilson & Son, real estate agents, written authority

to procure a buyer for his garage at the price of $100,000. The writing says, inter alia: "I hereby agree to pay the above commission [3%] to Wilson and Son for procuring a buyer for my business or real estate, and when buyer is procured by Wilson and Son or by the undersigned and deposit is made they are to be paid a commission of 3% on sale price, Wilson and Son to have the sole and exclusive agency for a period of 60 days. This agreement to be revocable at the expiration of the above period only by thirty days' written notice. G. C. Franklin, Owner." Defendant gave no notice revoking the agency but on July 3d, of the same year, consummated a sale of the garage to Samuel Fridkin for $101,000. Thereafter plaintiffs brought this suit and recovered a verdict and judgment for the commission; defendant has appealed.

Notwithstanding the sale was made after the expiration of the sixty days, plaintiffs planted their right of action primarily on the exclusive character of the agency. This the trial judge properly denied; for while the agency continued until revoked the exclusive agency ended with the sixty days. That seems to be the plain meaning of the instrument, but were it doubtful the construction should be favorable to defendant as it was prepared by plaintiffs: 13 C. J. 545. A broker can acquire an exclusive right of sale only by a contract in unequivocal terms or by necessary implication: Ritch v. Robertson, 106 Atl. (Conn.) 509. In the absence of an exclusive agency, a broker can recover only on the ground that he was the efficient cause of the sale: Bossart v. Erie Coal Mining Co., 276 Pa. 63; Cathers v. Patchel, 82 Pa. Superior Ct. 257. In the instant case plaintiffs must show they were the efficient cause of procuring the buyer. The latter was brought to the defendant and the sale consummated by E. H. Royer, agent for the Vance Realty Company; it is urged, however, for plaintiffs that Clarence Adams a member of their firm was the efficient cause of the sale. Adams testified to the

effect that for some two weeks he had been showing Fridkin garages in an effort to sell him one, when on the evening of June 27, 1923, he called Fridkin's attention to defendant's garage, giving price, location, business, etc., and that the latter became interested at once and they made an appointment, which Fridkin failed to keep, to call upon the defendant and inspect the garage the next day, and further, that he was unable to again get in communication with Fridkin until after the deal was closed. On the evening to which Adams refers, Royer brought Fridkin to the garage and began the negotiations with Franklin which ended in the sale six days later. Fridkin testified that Adams while saying he had a garage for sale in that locality never mentioned defendant's name nor his garage and had nothing to do with effecting the sale. Both brokers could not be the efficient cause (Whitcomb et al. v. Bacon, 170 Mass. 479, 49 N. E. 742), but under Adams' testimony we are not prepared to say the trial court erred in submitting to the jury the question as to whether plaintiffs were the efficient cause of procuring the buyer. If they were, the mere fact that the sale was finally concluded through another broker would not deprive them of the commission: Sowney v. Bair, 269 Pa. 448; Gibson's Est., 161 Pa. 177; Keys v. Johnson, 68 Pa. 42; Cain v. Werner, 67 Pa. Superior Ct. 438; Warne v. Johnston, 48 Pa. Superior Ct. 98; Peters v. Holmes, 45 Pa. Superior Ct. 278.

Plaintiffs, however, encounter a more serious obstacle. They gave defendant no notice that they had been instrumental in procuring Fridkin as a buyer. Meantime, through the medium of another broker, the sale was consummated and the latter's commission paid by defendant, who was ignorant that plaintiffs had taken any part in the transaction. In such case where the broker, having as here ample opportunity, fails to notify the owner of a buyer whom he has procured, and the owner in ignorance thereof negotiates a sale of the property to the same buyer, through another broker to whom he pays

a commission, the original broker cannot recover compensation for the same sale; otherwise the owner, without fault on his part, would be subjected to a double commission.   There is no hardship in requiring the broker to notify the owner of a buyer he has secured for the property.   Plaintiffs' counsel, while admitting no notice was given, contends it was defendant's duty to ascertain whether plaintiffs had procured the buyer brought forward by another broker, but that contention is untenable.   In Terry v. Bartlett, 153 Wis. 208, 140 N. W. 1133, 1135, it is said: "The purchaser was produced by another agent and at an advanced sum.   Defendant might place his property in the hands of as many agents or brokers as he saw fit, so long as no exclusive agency was given.   When one of them produced a purchaser, he was at liberty to deal with him and to pay the agreed commission in case of a sale, without ascertaining whether any other agent or broker had offered the property to such customer, the owner being ignorant of such an offer having been made.   Even if the contract should be construed as one to bring buyer and seller together at a price satisfactory to the seller, there could be no recovery, because the agent never disclosed the name of the customer to his principal."   To like effect is Gilbert v. McCullough, 146 Iowa 333, 125 N. W. 173, where it is held that: "By withholding the name of the purchaser proposed, the agent voluntarily kept from his principal the knowledge which would have enabled the latter to protect himself as well as the agent, and therefore the latter rather than the principal, was at fault."   Had defendant made the sale directly to Fridkin, and not through another broker, there would be no question of double commissions and the case would present a different aspect.   There is no dispute about the facts, so far as relates to this branch of the case, and the trial judge should have granted defendant's request for binding instructions.   It is not necessary to consider other assignments of error.

The judgment is reversed and the record is ordered remitted that the rule for judgment for the defendant non obstante veredicto may be reinstated and made absolute.