## Johnson, Appellant, v. Ritter.

Argued October 13, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Thomas P. Mikell* of *Saul, Ewing, Remick & Saul,* for appellant.

*George C. Denniston,* and with him *Joseph J. Brown* and *John Arthur Brown,* for appellee.

OPINION BY PARKER, J., February 1, 1934:

The plaintiff, a real estate agent, brought this action in assumpsit against the defendant to recover commissions alleged to be due plaintiff on a written contract appointing him agent for the sale of a lot owned by defendant. The issue is a narrow one and involves the proper measure of damages. The facts are not in dispute as the pleadings alone were depended upon to establish the facts. The trial court gave binding instructions and a verdict having been rendered for the defendant, plaintiff appealed.

The written agreement gave the plaintiff the exclusive right to sell certain described real estate at sixty cents per square foot and fixed his commission for making such sale at five per cent of the purchase price. While the agreement was in force, defendant sold the premises at ten cents per square foot, but the plaintiff did not render "any services whatsoever in connection with the negotiation and consummation of such sale." The plaintiff sought to recover as damages a commission at the rate which he would have received if he had made the sale, to wit, five per cent of the sale price.

The mere appointment of a broker as sole agent to sell real estate at a stipulated price upon a stated commission does not entitle the broker to a commission if the owner himself sells the real estate during the term of the broker's employment and the broker did not produce a purchaser during the term of the contract ready, able, and willing to purchase the property. The parties may, however, by contract fix the stated commission as a measure of damages for breach of contract: Turner v. Baker, 225 Pa. 359, 74 A. 172. As the trial judge indicated, plaintiff might have been entitled to recover compensatory damages for money expended and time and labor devoted toward the accomplishment of the sale (S. V. Thompson Co. v. Goldman, 41 Pa. Superior Ct. 209), but he declined to produce any proof of such damages.

The plaintiff, recognizing the force of these principles, relies on a portion of the contract which is as follows: "If C. Harry Johnson or any one else, prior to withdrawal of this agency, shall sell said property or produce a person who is willing to purchase on the terms hereinafter specified I agree to pay to C. Harry Johnson the commission hereinafter specified, five per cent (5%)." He insists that this provision is applicable in the event that the owner sells the property at any price and even though less than that provided for by the agreement. In other words, he urges that the clause "on the terms hereinafter specified" applies only to a case where the agent produces a person who is willing to purchase.

The agreement was apparently prepared by the plaintiff on one of its printed forms, and if the construction were at all doubtful it should be construed most strongly against the plaintiff: Wilson v. Franklin, 282 Pa. 189, 127 A. 609; Duncan v. Pittsburgh-Florida F. G. A., 282 Pa. 498, 128 A. 441. "All contracts must be construed with reference to their subject matter and obvious purpose, and, however gen-

eral the language may be, their scope and effect are necessarily limited and controlled thereby": Schnee v. Elston, 299 Pa. 100, 106, 149 A. 108. So viewing the contract as a whole, we find that it contemplated a sale by the agent only at a price not less than sixty cents per square foot. It was in the event that a purchaser was found willing to pay such price that the agent was authorized to make a sale. If we construe the clause in question as urged by appellant, then the limitation does not apply to a sale by the agent himself. The agreement authorized C. Harry Johnson not only to sell the property, but to enter into a written contract for such sale. The result of adopting the construction suggested by appellant would be to give it a meaning directly opposed to the obvious purpose to limit Johnson's power to sell in the event that he procured a purchaser willing to pay sixty cents per square foot. We are all of the opinion that the plain meaning of the clause in question requires us to limit the provision for the payment of a five per cent commission to a case where the owner or the agent sells the property at sixty cents per square foot, and that such construction does no violence to the rules of grammar or punctuation.

The judgment of the lower court is affirmed.