Werner, Appellant, *v.* Hendricks et al.

Argued November 20, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert G. Hendricks,* for appellant.

*Robert H. Grim,* of *Grim & Grim,* for appellees.

OPINION BY JAMES, J., January 31, 1936:

Appellant brought an action of assumpsit to recover broker's commissions for the sale of a newspaper route or agency alleged to have been procured by his efforts. By agreement the case was tried before the court without a jury, which found the following facts: On November 19, 1931, defendants, owners of a newspaper route or agency in the Borough of Perkasie, entered into a written contract with the plaintiff employing him as their exclusive agent for the sale of the route for a period of two months terminable by either party on thirty-days' notice and in default of such notice, the contract to be renewed from term to term. The contract further provided that if defendants, subsequent to such termination, sold the route "to anyone with whom the broker had heretofore been negotiating, then the full commission shall be paid to the broker." The contract was automatically renewed for seven terms of two months each, the seventh term beginning on November 19, 1932, and ending on January 19, 1933. On November 30, 1932, the defendants revoked the contract by a written notice thereby terminating the contract on January 19, 1933. Plaintiff had advertised the defendants' route in general advertisements and endeavored to sell it and on three different occasions, prior to January 19, 1933 while the contract was in force, called the attention of Horace E. Conard to the defendants' route together with other routes he had for sale, but without arousing any interest in or securing any negotiations for its purchase. Subsequent to January 19, 1933, William G. Cotton, circulation manager of the Philadelphia Inquirer, first interested Conard in the route resulting in its purchase by Conard on February 1, 1933 for $5,200. The court further found as a fact that the efforts of the plaintiff were not the procuring

cause of the sale by the defendants to Conard and that plaintiff had never negotiated with Conard for the sale of the route during the pendency of the employment contract within the meaning of the terms of the contract. Under these findings of fact, the court found in favor of the defendants and judgment was entered for them. Exceptions to the findings of fact and conclusions of law were overruled; whereupon this appeal.

Findings of fact found by the court below will not be questioned by the appellate court where there is competent evidence to support them, and an examination of this record shows that there was testimony, a narration of which we deem unnecessary, upon which the court did base its findings that the efforts of the plaintiff were not the procuring cause of the sale by the defendants to Conard. The credibility of the witnesses was entirely for the determination of the court and upon these questions of fact the findings of the court are as conclusive as the findings of a jury.

During the term of the exclusive contract, if the route had been sold, appellant would have been entitled to his commission regardless of what efforts he had made; but for a sale after the termination of the contract, appellant was required to establish that he had theretofore been negotiating with the purchaser or that his efforts were the procuring cause of the sale, which unfortunately for him the court found against him. On this question all of the cases cited by appellant with the exception of Wilson v. Franklin, 282 Pa. 189, 127 A. 609, involved questions of fact to be submitted to a jury or the court. In Wilson v. Franklin, supra, the Supreme Court reversed a judgment for a broker holding that the facts did not warrant a recovery.

Appellant further contends that as the court below found as a fact he had called the attention of Conard to the route on three different occasions, he is entitled to recover even though he had not been the procuring

cause of the sale because this finding of fact established that he had been "negotiating" with the purchaser and, therefore, was within the terms of the contract. In this connection we must consider a comment by the court in its discussion that "there was nothing more than an offer on the part of the plaintiff and an immediate refusal on the part of Conard on the ground that the route was not suitably located for his purposes."

Negotiations are the deliberations which take place between the parties touching a proposed agreement: Bouvier's Law Dictionary, Vol. 2, p. 2331. To negotiate is to transact business, to treat with another respecting a purchase and sale, to hold intercourse, to bargain or trade, to conduct communications or conferences. It is that which passes between parties or their agents in the course of or incident to the making of a contract; it is also conversation in arranging terms of contract: People v. Augustine, 204 N. W. 747, 748, 232 Mich. 29. Under the findings of fact the only thing which plaintiff did was to draw the attention of Conard to the route, and no further discussion or conversation was held according to Conard and so found by the court, as he was interested in obtaining a city route and not a suburban route and only became interested after the termination of the contract, solely through the efforts of Mr. Cotton. To merely call attention to the route without further discussing the details, which necessarily must follow for the consummation of the transaction or sale, can hardly be called a negotiation. Unless the discussion can be brought to the point whereby the interest of the proposed buyer can be aroused or the terms of the sale discussed, it cannot be classified as a negotiation. Negotiation presupposes a mutual interest in the subject matter and merely directing one's attention without further enlisting interest or discussion falls far short of negotiations. The mere offer or solicitation, which meets with prompt refusal or rejection having no

effect whatever upon the subsequent purchase of the route, cannot be regarded as negotiations within the meaning of the contract.

Judgment affirmed.