## Mazer, Appellant, *v.* Kann.

Argued October 2, 1941.  Before Schaffer, C. J.;
Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*William J. Kenney,* with him *W. Denning Stewart,*
of *Stewart & Lewis, Robert B. Ivory* and *J. I. Simon,*
for appellant.

*Charles H. Sachs,* of *Sachs & Caplan,* with him *John
A. Metz* and *John A. Metz, Jr.,* for appellee.

Opinion by Mr. Justice Drew, November 24, 1941:
Plaintiff, Samuel Mazer, brought this action in as-
sumpsit against defendant, B. Kann, to recover dam-
ages alleged to have been sustained by reason of a breach
of an oral contract to furnish collateral security for cer-
tain notes covering debts of plaintiff to two banks in the
City of Pittsburgh.  At the opening of the trial, counsel
for plaintiff offered in evidence the undenied averments
of the statement of claim, and then called his first wit-

ness. Before plaintiff had any opportunity whatever to offer any testimony, however, counsel for defendant demanded that an offer be made of plaintiff's entire case. Counsel for plaintiff refused to make such an offer, and the learned trial judge ruled that plaintiff was not required to do so. Counsel for defendant then stated that, assuming plaintiff proposed to prove the allegations of his statement of claim, he objected to the introduction of testimony for the reason that it would be an attempt to vary, alter or contradict, without any averment of fraud, accident or mistake, written contracts existing between the parties covering the same subject-matter. After some discussion, counsel for plaintiff stated: "We expect to prove everything that is in the Statement of Claim." The trial judge sustained the objection as to the introduction of evidence and stated that he would direct a verdict for defendant. Thereupon, defendant's counsel further moved for a judgment of compulsory non-suit for the reason that there was no evidence to sustain plaintiff's contention, and this motion was also granted. From the order entered by the court en banc refusing to take off the judgment of non-suit, plaintiff has appealed.

The trial judge fell into error in summarily terminating the trial before plaintiff had had an opportunity to develop his case, and for that reason the order refusing to take off the judgment of non-suit must be reversed. The available methods for a defendant to dispose of a suit instituted against him, without full trial, are, as stated in *Dunlap Printing Co. v. Ryan,* 275 Pa. 556, 558: by an affidavit of defense raising questions of law, by a motion for a compulsory non-suit, or by a point for binding instructions. Defendant herein filed an affidavit of defense raising questions of law, but it was overruled, without prejudice, and he thereafter filed his affidavit to the merits. By so doing, he was then bound, in order to test the sufficiency of plaintiff's claim, to wait until plaintiff had put in his competent evidence to substan-

tiate his claim and then move for a non-suit, or offer his defense and then submit a point for binding instructions. It is only after plaintiff has presented his case and it then appears that there is no evidence legally sufficient to maintain the action that a non-suit is proper: *Dunlap Printing Co. v. Ryan,* supra; *Montelius v. Montelius,* 209 Pa. 541. Rule 224 of the Pennsylvania Rules of Civil Procedure provides that a motion for compulsory non-suit may be made after plaintiff has introduced all testimony as to liability, but before offering evidence as to damages. Thus, the rule impliedly recognizes that this is the earliest point in the trial of a case at which a motion for compulsory non-suit may be made.

It would seem that the highly unusual situation which developed in the trial of this case resulted primarily from the erroneous interpretation placed by the learned court below upon the expression "possibly by a demand for an offer from plaintiff covering his entire case at the beginning of the trial and a ruling thereon", as used in *Dunlap Printing Co. v. Ryan,* supra, p. 558. The court below construed this expression to mean that such procedure was a proper means available to defendant to dispose of the suit, without the necessity of a full trial, overlooking, however, the remainder of the sentence in which that clause appears, which is as follows: "but even in this day, when there is a somewhat insistent demand for greater celerity in court proceedings, no such short cut to disposition of a case without giving plaintiff opportunity to offer his proofs, can be sanctioned." Thus, when the sentence is read as a whole, it is perfectly clear that this Court did not in any way intend to sanction such a procedure, which would deprive a plaintiff of his day in court.

Moreover, from an examination of plaintiff's statement of claim, it appears that he has set forth a good cause of action and should have been afforded the opportunity to present it. It is averred that subsequent to the execution of the written agreements in question, the

parties orally agreed to rescind and cancel such writing and substitute therefor the terms and provisions of a previous oral contract. Therefore, the parol evidence rule was in no way involved. In this connection, we said, in *Magazine D. Pub. Co. v. Shade*, 330 Pa. 487, 492: "It does not matter that the new agreement was proved by parol. 'It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations': *Achenbach v. Stoddard*, 253 Pa. 338, 343." See also *Tomlinson, Trustee, v. Wilson*, 310 Pa. 41, 44; *Holloway v. Frick*, 149 Pa. 178, 180; Henry, Pennsylvania Trial Evidence, (3rd Ed.), section 369.

For the reasons above stated, the order refusing to take off the judgment of non-suit is reversed, and the record remitted to the court below for further proceedings consistent with this opinion.