## Close v. Keefe

*John W. Hallahan* and *Thomas A. McNab*, for plaintiff.

*Joseph A. Allen*, for defendant.

PIEKARSKI, J., March 31, 1944.—To this suit in assumpsit for commissions by a real estate broker who holds an exclusive agency agreement, defendant answers in effect: (1) Plaintiff took a different employ-

ment, in consequence of which he could not give to his real estate business the care and attention implied by him when the agreement was entered into; (2) plaintiff, himself, placed the sale of the property in the hands of another broker, requesting defendant to communicate concerning the proposed sale with this new broker who eventually procured a purchaser and to whom defendant paid a commission for this sale.

The matter is before us on a motion for judgment for want of a sufficient affidavit of defense. We think the second defense is sufficient to prevent the entry of judgment on the pleadings.

We are familiar with Werner v. Hendricks et al., 121 Pa. Superior Ct. 46, which holds that if a sale be made during the term of an exclusive contract the agent is entitled to his commission regardless of what efforts he may have made.

We are also familiar with Turner v. Baker, 225 Pa. 359, in which Judge Elkin said at page 362:

"If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident."

In the matter before us the agreement is substantially similar to the agreement in Owens v. Wehrle, 14 Pa. Superior Ct. 536, in which a recovery was sustained. We would apply the law of those cases to the instant case if the property had been sold by another agent not engaged by plaintiff himself. Had defendant during the term of the exclusive agency without plaintiff's direction sold the property, then the words of Judge Porter when he said (p. 538):

". . . we have before us a written agreement, which is not ambiguous in its terms, which is not susceptible of more than one meaning, namely, that should the defendant's property be sold during the time limited, by the plaintiff or by any one else, the plaintiff should receive a certain sum of money, measured by a per centum of the price received. If it be said that the contract, thus read, bears hardly on the defendant, the reply is that courts do not sit to relieve suitors from the results of improvident agreements, nor the consequences of bad bargains. It may be that the defendant made a foolish agreement. It may be also that the plaintiff, in the mind of the defendant at least, was worth as an agent the provision made for him"; would be applicable.

The exclusive agency with compensation to the broker is in protection of his position as agent. But according to the affidavit of defense (which on motion for judgment, as here, we must accept) plaintiff himself, by his own act, abandoned that protection and renounced its benefits. This is not a case of a principal performing an act antagonistic to his agent. This is a case where the agent requests the principal to proceed in an act inconsistent with the agent's own undertaking and where the agent himself asks the principal to proceed through another to perform that which the agent has undertaken to perform.

Had this been the case of a sale by a third party during the term of the contract here involved, we would have entered judgment.

This matter is not an interpretation of a contract ambiguous in its terms. As we read the affidavit of defense, it does not seek to alter or amend or explain the terms of the contract; it in effect says that plaintiff himself (not defendant) has abandoned or at least renounced the character of his agency and its emoluments.

That becomes an issue for the fact-finding body. We, therefore, discharge the rule for judgment for want of a sufficient affidavit of defense.