## Stanislaff, Appellant, *v.* Glick et al.

Argued January 17, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Mark E. Lefever,* with him *Lewis Weinstock* and *Conlen, LaBrum & Beechwood,* for appellant.

*John J. McDevitt, 3rd,* with him *Peter P. Liebert, 3rd,* for Harry Glick et al., appellees.

*Walter B. Gibbons,* for Apex Coal Company, appellee.

*Henry R. Heebner* and *Wm. Clarke Mason,* for Reading Company, appellee.

PER CURIAM, January 19, 1948:

The trial was prematurely stopped by the presiding judge who appears to have thought that plaintiff had put in all his evidence of liability* when in fact that was not so.. This misunderstanding appears from the colloquy reported in the printed record on pages 112a to 116a. To correct this error, we must grant a new trial. See *Mazer v. Kann,* 343 Pa. 376, 22 A. 2d 707.

There were three defendants. .When the misunderstanding became apparent, counsel for one of them proposed that "We might at side bar see if he has some offer that is new or supplemental to what we have already heard. THE COURT: I do not see any necessity for any side bar conference in this. I will entertain any motion you have to make." Thereupon counsel for each of the defendants moved that a nonsuit be entered as to

---

* See Rules 223 and 224 governing civil procedure.

his client. These motions were granted. Rule 2231(h)(1) Pa. R. C. P. prohibits the entry of a compulsory nonsuit on the motion of a defendant before plaintiff has completed presenting his evidence against all the defendants.

We do not discuss the evidence received because, until all the evidence is in, such a discussion can be of no use.

Judgment reversed and new trial awarded.