## Szemis, Appellant, *v.* Szlachta.

Argued October 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Henry Arronson,* for appellant.

*John J. Galbally,* with him *Joseph A. Hagerty,* for appellees.

OPINION BY HIRT, J., January 20, 1953:

Plaintiff in this action sought to recover a real estate dealer's commission on the sale by the defendants of their real estate on Fairmont Avenue in Philadelphia together with the restaurant business which they had conducted on the premises. Defendants on June 23, 1949 agreed in writing to sell the above property, including restaurant and bar fixtures to one Nicholas D. George for a total of $18,000. The purchase price was paid to them by the purchaser at the time of settlement on August 16, 1949. Plaintiff asserted the right to a commission on the sale by virtue of an alleged oral contract entered into with defendants on September 15, 1948. He was present at the settlement but at the trial of this case admitted that he had never seen the purchaser, George, before that time; he admitted also, that he did not negotiate the sale and did not procure George as a buyer. The court thereupon, although plaintiff had not closed his case, entered a compulsory non-suit of its own motion. The appeal is here on the refusal of the court to take it off.

In general it is reversible error for a court to enter a compulsory non-suit before the plaintiff has intro-

duced all of his testimony as to the defendant's liability. *Mazer v. Kann,* 343 Pa. 376, 22 A. 2d 707; *Stanislaff v. Glick et al.,* 358 Pa. 278, 56 A. 2d 545. Plaintiff testified that he secured a Mr. Roginsky, another real estate dealer to cooperate with him in seeking a purchaser of the property. The court refused to hear Roginsky as a witness and entered the non-suit on the ground that the plaintiff had "talked himself out of court". The question is whether the court in so doing is chargeable with error under the circumstances.

Plaintiff in his complaint alleged that defendants in employing him as their broker gave him "an exclusive right to sell the real estate and the taproom and the equipment . . for a period of one year . . ." One who by the terms of his brokerage contract has the *exclusive right* to sell may recover a commission on the sale of real estate by the owner even though the purchaser was not procured by the broker and the sale was brought about entirely by the owners' efforts. The right of a broker to a commission however is a matter of contract ·(*Bennett v. Crew Levick Co.,* 288 Pa. 180, 183, 135 A. 735) and a broker can acquire an exclusive right ·of sale only by a contract conferring such authority "in unequivocal terms or by necessary implication": *Wilson et al. v. Franklin,* 282 Pa. 189, 191, 127 A. 609; *Senderling v. Boldwin et ux.,* 92 Pa. Superior Ct. 398, 400. Plaintiff did not prove an exclusive right of sale.

The terms of plaintiff's alleged contract rests upon his testimony alone, to this effect: The defendants asked him to sell their real estate and restaurant at a fixed price and agreed to pay commissions in stated amounts. As to the extent of his authority plaintiff testified that the defendant Stanley Szlachta "told me only I can get for sale, nobody else . . . He told me

nobody got for sale, just me—exclusive". That in substance, on his admission, was the whole of the agreement and he did not claim to be more than "an exclusive *agent* for the selling of this property". If plaintiff had then rested his case, a compulsory non-suit would have been proper, for a broker under an exclusive agency is not entitled to a commission if the owner himself makes the sale. *Turner v. Baker*, 225 Pa. 359, 74 A. 172. And the plaintiff's testimony barely made out a prima facie case of sole agency for a reasonable, although unspecified, time. But plaintiff had not rested and was refused the right to call a final witness, Roginsky, the real estate dealer who was associated with him in the effort to sell the property. In this State a real estate broker may delegate his authority to a subagent. *Shannon v. Cobbell*, 67 Pa. Superior Ct. 538; Cf. 3 A.L.R. 2d 532. And the plaintiff may be entitled to recover if the purchaser, George, was procured by Roginsky as plaintiff's subagent and Roginsky was the immediate and efficient cause of the sale. The court is chargeable with reversible error in refusing to hear this witness.

Regardless of the weakness of a plaintiff's case, the law insures him his day in court, and even after closing, a plaintiff may be permitted to reopen his case to show liability. *Davis et al. v. Investment Land Co.*, 296 Pa. 449, 455, 146 A. 119.

Judgment reversed with a venire.