## Aiman v. Lukens

*William B. Eagan*, for plaintiff.

*Francis J. Tarquini*, for defendants.

HONEYMAN, J., June 12, 1967.—This matter comes before the court on a preliminary objection in the nature of a demurrer to plaintiff's complaint. The complaint, filed on November 2, 1966, avers that defendants were the owners of two tracts of land which were to be sold as a unit. It further avers that plaintiff, a licensed real estate broker, was given an exclusive right to sell the property and that defendants sold

the property themselves. Plaintiff claims that because of the exclusive nature of the agreement, he is still entitled to a commission, and has brought suit to recover that commission.

The agreement is a form contract of one page. Most of the page is devoted to words for the description of the property, with blank spaces which were filled in indicating the size, type, facilities, etc. of the property. The remaining part of the page contains the actual agreement between the parties. It is printed in smaller type than the rest of the agreement and states in toto:

"I hereby authorize COLONIAL REALTY CO. to sell above property and in the event of securing a buyer, agree to pay 6% commission. This property is designated as an exclusive listing and COLONIAL REALTY CO. has the exclusive right to sell. Said exclusive listing to run 365 days from above date, and to continue thereafter from month to month unless or until COLONIAL REALTY CO. has been notified in writing 30 days in advance of cancellation of the contract": Contract, exhibit "A", complaint.

The complaint does not aver that plaintiff effectuated the sale, but to the contrary states that defendants sold the property "while Plaintiff was still making efforts to procure a purchaser". Therefore, it can be seen that plaintiff relies solely on his alleged exclusive right to sell as a basis for this action.

There are two situations in which a broker may recover commissions even though his services were not instrumental in effectuating the sale of the subject property. The first situation is where the broker is made the exclusive sales agent and the appointment of another agent is prohibited. The second situation gives the agent the exclusive right to sell the property, and even if the owner himself sells the property, the agent is entitled to a commission. In this case, plain-

tiff-broker asserts that the second situation is in effect.

A broker can acquire an exclusive right of sale only by a contract which gives that right in unequivocal terms: Wilson v. Franklin, 282 Pa. 189 (1925). The contract is construed against the broker, since it is a form which he prepared: Wilson v. Franklin, supra.; Johnson v. Ritter, 111 Pa. Superior Ct. 482 (1934). In Turner v. Baker, 225 Pa. 359 (1909), it is stated at page 362:

"It is true in some of our cases, where the parties had executed a contract in which it was expressly covenanted that the broker should be paid a stipulated commission in the event of a sale within the time specified no matter whether it was effected by the broker, or by the principal, or by any other person, it was held that the commission could be recovered when the sale was made and that it was immaterial who made it. These cases announce no new rule of law. They are simply declaratory of a fundamental maxim which is that parties are bound by the terms of their own contract. If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and *that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it*, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident. Our cases have gone thus far and no farther". (Italics added).

It can be seen then that the mere generic term "exclusive right to sell" in a contract is not sufficient to bring into play the legal principles encompassed in that phrase. Rather, there must be some unequivocal language to the effect that the broker is entitled to a commission even if the owner sells the property. Some examples of this type of contract are:

" 'I agree that if the said property, business, fixtures, equipment and merchandise, shall be sold or exchanged by me, during the term of the said agency whether effected by you or myself or by any other person, I shall and will pay to you the commission of 5/- per cent, upon the total selling price. . .' ": McElhinney v. Belsky, 165 Pa. Superior Ct. 546, 549 (1949).

". . . 'If a sale or an exchange is made or a purchaser procured by said John Whiteman & Co. or by any of the undersigned or by any other person during said period prior to expiration date set forth herein or said property is sold or exchanged within such period whether negotiated by John Whiteman & Co. or not, the undersigned agree to pay said John Whiteman & Co. a commission of ten percent for sale of said property or of five percent of lease amount.'. . .": Whiteman & Co. v. Fidei, 176 Pa. Superior Ct. 142, 144 (1954).

The contract here states only that "This property is designated as an exclusive listing and Colonial Realty Co. has the exclusive right to sell". In Ebbert v. Healy, 9 Bucks 247 (1960), the agreement stated: ". . . and I am to have exclusive sales rights to both properties. . . ." and, in his opinion for the court, President Judge Biester held that since the agreement contained no provision stating that the broker was entitled to a commission in the event that the owner sold the property, no recovery should be allowed. We agree with that conclusion and believe it is applicable herein as well as being consonant with the law previously enunciated by our appellate courts to situations similar to the present one.

We are disposed to refuse plaintiff leave to amend his complaint. However, he does allege in paragraph 6 of his complaint, inter alia:

". . . and that the Plaintiff, his agents, servants and employees did, in fact, contact the ultimate pur-

chaser with respect to selling him the property described in the contracts".

We must deem this averment to be true for the purposes of this opinion, and it may be that plaintiff could plead a good cause of action to support a claim for his commission as the efficient and procuring cause of the sale to the buyer. As presently pleaded, this single allegation is completely out of context with the rest of the complaint. Therefore, we could interpret the complaint in no way other than as a fatally deficient claim for a commission based upon "an exclusive right to sell" clause.

### ORDER

And now, June 12, 1967, after oral argument before the court en banc and upon consideration of briefs filed, defendants' preliminary objection in the nature of a demurrer is sustained and the complaint is dismissed; plaintiff is given leave to file an amended complaint within 20 days of the date of receipt of this opinion and order.