## Harris & Rhodes *v.* Brinton, Appellant.

*Courts—County Courts of Allegheny County—Act of April 9, 1915, P. L. 48—Appeals.*

An appeal from the County Court of Allegheny County will not be allowed unless a retrial on the issues of fact is necessary to prevent injustice.   When such an appeal has been refused by the court of common pleas in the exercise of its judicial discretion the Superior Court will not reverse.

*Practice, county court—Witnesses—Cross-examination—Matter admitted in pleadings.*

It is not error to refuse to allow counsel for the defendant to cross-examine plaintiff on matters alleged in the statement of claim and admitted in the affidavit of defense.

*Evidence—Relevant and irrelevant matter—Exclusion.*

Where an offer of evidence is made containing relevant and irrelevant matter the trial judge is not bound to separate the good from the bad, but may reject the whole offer.

68, (1920).]  Statement of Facts—Opinion of the Court.

Argued April 27, 1920.  Appeal, No. 22, April T., 1920, by defendant, from judgment of C. P. Allegheny County, July T., 1919, No. 619, refusing to allow an appeal from judgment of the county court in the case of John Harris and John L. Rhodes v. D. W. Brinton.  Before PORTER, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Petition for appeal from judgment of county court. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.  Defendant appealed.

*Errors assigned,* among others, was the order of the court.

*Alfred M. Lee,* for appellant.

*A. L. Petty,* and with him *J. A. Nugent,* for appellee.

OPINION BY LINN, J., July 14, 1920:

The common pleas refused defendant's petition for appeal from a judgment of the county court and the record has been brought here.  The appeal should not be allowed unless a retrial on the issues of fact is necessary to prevent injustice, and we may not reverse where an appeal has been refused in the exercise of sound judicial discretion: Keown v. Bunton, 61 Pa. Superior Ct. 220, 223; Act of April 9, 1915, P. L. 48.

Appellant's complaints can perhaps best be considered here as set forth in his statement of questions involved.

1. The first is: "Is it error for the court to refuse to allow the attorney for defendant to cross-examine plaintiff on the matters contained in the affidavit of claim which have been fully answered in the affidavit of defense?"  In this case it was not, as a quotation of several of the excluded questions will show.

The first assignment complains of the refusal to permit one of plaintiffs to answer the following: "Will you let me see your transfer of the Valley Coal Company lease to the company made up of Mrs. Harris, Mr. Berkey and Mr. Rhodes?" Another complains that the objection to the following was sustained: "When you transferred or made this arrangement with Mr. Brinton what rights to mining coal, if any, went with the transfer to him?" He also assigns for error that defendant was not permitted to ask the same plaintiff who a number of persons specified were, and for what certain specified amounts set opposite their names were payable. The names of these persons and the amounts in question appeared on Exhibit E to the affidavit of defense filed by defendant as persons to whom defendant had paid the sums of money set opposite their names, for the account of plaintiffs and in reduction of the amount alleged by the plaintiffs to be due by the defendant in this suit; in their pleadings, plaintiffs admitted that the defendant had paid the persons inquired about the amount specified for plaintiff's account. The mere statement of these questions is sufficient to show that the objections were properly sustained and they are typical of all the cross-examination complained of.

2. Appellant's second question is: "Is it error to deny defendant the right to testify as to what was meant by 'satisfactory transfer' when the agreement sued on is silent as to its meaning?"

The suit was brought to recover a balance alleged to be due on an agreement of sale by plaintiffs to defendant of a coal mine and equipment for $2,000 payable "$120 cash in hand, the balance as follows: $680 to be paid as soon as first parties (plaintiffs) can make a satisfactory transfer to said second party (defendant) ......" The statement of claim averred the sale and delivery of possession; the affidavit of defense admitted that defendant was "in possession of the property complained of in the

suit of plaintiffs.   He denies, however, that he took possession under or by virtue of the bill of sale......"

Defendant, having stated in response to a question by his counsel, that prior to the sale he had had a conversation with the plaintiffs about their property, was then asked: "Q. What reason, if any, did they give, first, what did they tell you that they had there for sale?

"A. They told me—they described the equipment, and said they had a lease.

"Objected to, the agreement speaks for itself."

Plaintiff's counsel asked the purpose of this examination; whereupon counsel for defendant made the following offer: "We propose to prove by the witness on the stand what the representations were as to what was to be transferred—what the inducing representations were that caused him to go into the contract. What was meant by 'satisfactory transfer' in the contract?" The court sustained the objection to that offer and it was proper to do so. It was an offer to show matters—the representations—which were not put in issue by the pleadings. Instead of continuing the examination, defendant then withdrew the witness, offered no further evidence and closed his case.

3. "Is it error for the common pleas court to deny an appeal where the defendant has been thus deprived of his defense in the county court?"

It is obvious from the foregoing references to the record that defendant was not deprived of the right to testify as suggested in the second complaint, nor was he deprived of his defense, if he had any, as suggested by the third. If a satisfactory transfer had not been made, he could have shown it, at least no ruling made by the county court deprived him of the right to show it. He closed his case after an objection was sustained to an offer of evidence containing irrelevant matter: "...... the trial judge is not bound to separate the good from the bad, but may reject it all": Ickes v. Ickes, 237 Pa. 582, 595. The defendant doubtless would have been per-

Opinion of the Court. [75 Pa. Superior Ct.

mitted to explain what was meant by "satisfactory transfer," if he had been asked that question, or if a proper offer to show that fact had been made, but he cannot justly complain that he was deprived of any right or deprived of his defense on this record. Nor was he prejudiced by not being permitted to describe what the plaintiffs said they had for sale, as in the fourth paragraph of the affidavit of defense, already quoted, he said he was in possession of all the property which was the subject of the contract. We find no indication of abuse of judicial discretion.

The order is affirmed.