# Edward A. Curry v. James A. West, Appellant.

*Real estate—Brokers—Commissions—Evidence—Sufficiency.*

In an action of assumpsit for commissions earned in a sale of real estate, the case was for the jury, and a verdict for the plaintiff will be sustained, where the issue was one of fact as to whether the sale was the result of the efforts of the plaintiff, and whether the conveyance to a third party was merely a subterfuge to escape the payment of commissions.

Argued April 26, 1926. Appeal No. 23, April T., 1926, by defendant, from C. P. Allegheny County, April T., 1925, No. 385, in the case of Edward A. Curry v. James A West. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition to appeal from County Court. Before EVANS, CARNAHAN and DREW, JJ.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.

*Error assigned,* among others, was the decree of the court.

*S. M. Lewinter,* for appellant.

*O. K. Eaton,* and with him *W. H. Coleman* and *Arthur L. McLaughlin, Jr.,* for appellee.

OPINION BY TREXLER, J., July 8, 1926:

This is an appeal from a case tried before a jury in the County Court of Allegheny County.

No point for binding instructions was presented nor any exception taken to the charge of the court. The Common Pleas court refused the appeal. Such an appeal should not be allowed unless a retrial on the issues of fact is necessary to prevent injustice, and we may not reverse where an appeal has been refused in the exercise of sound judicial discretion. Harris & Rhodes v. Brinton, 75 Pa. Superior Ct. 68, and cases there cited.

Plaintiff, a real estate agent, claimed that he sold a property for the defendant and thereby earned his commission. As a result of advertisements spread by him, he received a call from one of the future purchasers of the property. The property was deeded to a third party by the defendant, but was later transferred to the person with whom the plaintiff had had negotiations and whose attention he had brought to the property. There was evidence that confirmed the plaintiff's claim that the introduction of the third party was a mere subterfuge to get rid of paying him commissions.

The comment of the lower court was justified that

"the trial was full and fair, the weight of the testimony, and the fair inference to be derived from it, all favored the plaintiff."

The order is affirmed.