## Binder *v.* Epstein, Appellant.

Submitted December 9, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Henry L. Snyder, of Snyder, Wert & Wilcox* and *Wallace H. Webster, Jr.,* for appellant.

*A. T. Gillespie* and *T. R. Gardner,* for appellee.

OPINION BY STADTFELD, J., February 1, 1943:

An action in assumpsit was brought in the Court of Common Pleas of Lehigh County, Pennsylvania, as of No. 74 January Term, 1942, by Roy Binder, the plaintiff, against David Epstein, the defendant, to recover the sum of Four Hundred Eighty-seven Dollars and Fifty Cents ($487.50) with interest from May 10, 1940. The plaintiff's statement averred that this sum was due him as a real estate broker's commission upon the sale of a property owned by the defendant in the Borough of Pottstown, Pennsylvania. The statement further averred that the defendant had agreed to allow him to act as his real estate broker in the sale of said property; that, pursuant to said agreement, which·was oral, the plaintiff advertised the property for sale, displayed a large sign thereupon and conferred with many people concerning the possible purchase thereof. Among those whom the plaintiff contacted was one Louis Singer of Pottstown, Pennsylvania, who desired to purchase the ground for the purpose of constructing a building

thereon. The said Louis Singer submitted an offer involving a purchase price of Ten Thousand Dollars ($10,000), which was to be entirely secured by a mortgage in the same amount. The plaintiff averred that the defendant agreed to accept said offer. Shortly thereafter, as averred by plaintiff, the said Louis Singer acting through his son-in-law, one George Burman, purchased said property from the defendant for the recited consideration of Ninety Seven Hundred and Fifty Dollars ($9750), the title to the premises having been conveyed to Rose Burman, wife of the said George Burman, as appears in deed recorded in the recorder's office in and for Montgomery County, in Deed Book No. 1333, Page 263. The plaintiff specifically averred that the said Rose Burman, in truth and in fact holds the title for the aforesaid Louis Singer, her father. The statement averred that: "The defendant did breach or break or violate the agreement theretofore entered into between plaintiff and defendant wherein and whereby defendant did agree to permit plaintiff to sell said premises and earn himself a commission upon said sale in lieu of being paid his full commissions upon the heretofore recited leasing or renting of a portion of said land." The plaintiff further averred that the "Defendant breached or violated his second agreement entered into between defendant and plaintiff wherein and whereby defendant did agree that if any person from Pottstown inquired as to the possible purchase of said land, defendant would refer such person to plaintiff."

Upon the aforesaid basis the plaintiff, in his suit, claimed five per cent (5%) of Ninety Seven Hundred and Fifty Dollars ($9750), or Four Hundred Eighty-seven Dollars and Fifty Cents ($487.50), with interest from May 10, 1940.

The defendant filed his affidavit of defense which, in substance, constituted a general denial of the facts referred to. The defendant specifically denied the exist-

ence of the aforesaid agreements as well as the fact that George Burman, son-in-law of Louis Singer, had purchased the property by taking title thereto in the name of his wife, Rose Burman, the same to be held in trust for the said Louis Singer.

The case came to trial on January 28, 1942, before the Honorable RICHARD W. IOBST, President Judge of said court. The only testimony offered at the trial was that of the plaintiff. Upon the completion of the plaintiff's case, defendant's counsel moved for the entry of a compulsory non-suit which motion was overruled; and, following the charge of the court, the case was submitted to the jury. The verdict rendered by the jury was in favor of the plaintiff for the full amount of the plaintiff's claim together with interest as claimed, whereupon the defendant filed a motion for judgment notwithstanding the verdict. An opinion and order of court was entered on June 15, 1942, overruling said motion, and judgment in favor of the plaintiff and against the defendant was entered in the sum of Four Hundred Eighty-seven Dollars and Fifty Cents ($487.50), together with interest thereon from May 10, 1940, plus costs. This appeal followed.

The following testimony was, inter alia, without objection, elicited from plaintiff on cross-examination: "A. I won't hold to any particular day when it was, because I don't know the exact day when I saw Mr. Singer in Pottstown, coming out of his place across the street with a blueprint under his arm—that is, from the store directly across the street from my office—those were blueprints of a proposed building on that site, and that is the first time I knew about it; he told Mr. Miller that he had bought the property down there, and he had a blueprint of the proposed building—that was before the deed was put on record before I knew anything about it. That is how it came to my knowledge that he had bought the property. He told many people on the

street that he had bought the property. I also happen to be a director of the National Bank in Pottstown, and I talked to Mr. Bell, the president of that bank, and Mr. Singer wanted to arrange for a loan, and he showed Mr. Bell the plans and specifications for a building there, and he said he had bought the ground and he wanted to be financed. He didn't tell Mr. Bell that it was his daughter's ground or whose it was—he was representing himself at the time. I am a director of the Bank there and I can speak with authority."

A building was erected on the lot subsequent to title being taken in the name of Rose Burman. Part of the building, one of the storerooms, is occupied by Mr. Singer.

Plaintiff was the only witness who testified on his behalf. No testimony was offered on behalf of defendant. The only assignments of error relate to the refusal to give binding instructions in favor of defendant, and the refusal to enter judgment non obstante veredicto in favor of defendant.

The testimony of plaintiff, if believed, supports the essential averments of plaintiff's statement of claim. The case was submitted to the jury in a fair and comprehensive charge, no portion of which is assigned as error.

The court left to the jury to find whether plaintiff was the inducing cause of the sale, and whether the property was sold to Louis Singer, title being placed in Singer's daughter, Rose Burman. If so, plaintiff is entitled to recover, *Curry v. West*, 88 Pa. Superior Ct. 261; *Shapira v. Union Trust Co.*, 306 Pa. 35.

The evidence warranted the inference that the taking of the title in the manner stated, was a mere subterfuge to get rid of paying the commission to plaintiff.

Judgment affirmed.