Berberick *v.* Kucera et ux., Appellants.

Argued November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*John E. Winner*, with him *Floyd V. Winner*, for appellants.

*William D. Henning*, for appellees.

OPINION BY ERVIN, J., January 17, 1956:

This was an action in assumpsit brought by plaintiffs, who were licensed real estate brokers, against the defendants, who were the owners of a property, to recover a commission for the sale of the property.

The single question involved is whether the services of the plaintiffs were the direct, immediate and efficient cause of the sale.

The case was tried before the lower court without a jury and judgment was entered for the plaintiffs. Upon dismissal of defendants' motions to open the judgment and for judgment on the whole record this appeal was taken.

The defendants engaged the plaintiffs to sell several tracts of real estate, including the one here involved. The property here involved was listed for sale at $10,000.00.

George R. Berberick, Jr., one of the plaintiffs, testified as follows: "The Court: Q. You heard Mr. Birtig testify here today about whether or not you showed him the property now owned by Birtig. Did you show it to him? A. I did, sir. Q. When? A. I would say some time during the month of September, the first part of September. Q. 1952? A. Correct. Q. Who was present? A. The first time, he and myself; the second time, with him and his wife. Q. That property is the property he bought? A. That is correct. Q. And which

he owns today? A. Correct." Plaintiffs quoted the price of $50.00 a front foot for the 200 feet, making a total of $10,000.00. Mr. Birtig testified that plaintiffs had never shown him this property.

The lower court decided this issue of fact in favor of the plaintiffs.

On October 16, 1952 the owner defendants entered into a written agreement of sale for this same property with one James L. Nichols for a sales price of $10,-000.00, $1,000.00 of which was paid as down money.

Nichols testified that he wanted to use this property for the purpose of starting a hardware store. Nichols was a college student and he worked for Birtig as a clerk in a hardware store. The $1,000.00 hand money, paid by Nichols when executing the agreement, was borrowed by Nichols from Birtig. Nichols was never able to perform the agreement or to complete the sale and he testified that Birtig knew that he, Nichols, went to the defendants, as Birtig had advised him to do. Nichols took Birtig to the defendants soon after the agreement was signed. The agreement of sale was assigned by Nichols to Birtig and the deed was made directly to Birtig by the defendants. Birtig did not ask for or receive any interest for the use of the hand money and he bore all of the expenses of the purchase.

In October 1952 a sign was erected upon the property which read as follows:

"Future Home
McKnight Road
Hardware Center
TV-Appliances
Co. 3-7866   Co. 1-5895"

There was filed in the Fictitious Names Docket in the office of the Prothonotary of Allegheny County, Pennsylvania, on January 26, 1953 a registration show-

ing that G. Paul Bertig and Frances C. Bertig were the sole owners of "McKnight Road Hardware Company."

Nichols admitted that shortly after he entered into the agreement of sale for the property he took Birtig to the defendants and in explanation of this said he wanted to get Mr. Kucera's (one of the defendants) opinion of Birtig and his going into business with him. Nichols never did go into business with Birtig.

We are in thorough accord with that part of the lower court's opinion wherein it is stated that "The acts of Birtig as stated throughout Nichols' testimony indicate that Birtig was far more than a casual observer of the transaction. . . . It is most unbelievable that Birtig would deliberately help finance a potential competitor in the immediate vicinity of his own proposed business."

A judgment by a court on a matter tried without a jury is as binding as if a jury had rendered the verdict and the facts must be considered most favorably to the party for whom the judgment is entered. A thorough review of the record in this case convinces us that the lower court correctly determined that Birtig was the real purchaser and that Nichols was merely acting in his behalf. The case of *Binder v. Epstein*, 151 Pa. Superior Ct. 472, 30 A. 2d 163, is in point. In that case the court left it to the jury to find whether plaintiff was the inducing cause of the sale and whether the property was sold to Louis Singer, title being placed in Singer's daughter, Rose Burman. The jury found in favor of the plaintiff and the court refused to disturb that verdict as it considered the transaction as a subterfuge to avoid paying the agent's commission.

There was some argument in behalf of the defendants that plaintiffs did not notify them of the negotiations with Birtig. The plaintiffs testified that when they learned of the fact that Birtig was in the matter,

the matter was taken up with defendants and also with their attorney. The defendants rely upon the case of *Wilson v. Franklin,* 282 Pa. 189, 127 A. 609, where a broker having ample opportunity failed to notify the owner of a buyer he had procured and the owner in ignorance thereof negotiated a sale of the property to the same buyer through another broker to whom he was obliged to pay a commission. Our case is clearly distinguishable in that the plaintiffs did notify the defendants within a reasonable time after they knew that Birtig was in the transaction and also in the present case the defendants were not obliged to pay a commission to any other real estate agent as there was no other agent involved. Nor is this a case where the agent introduced the property to a prospective purchaser and then abandoned the matter.

Under all the facts we are of the opinion that the services performed by the plaintiffs were the direct, immediate and efficient cause of the sale.

Judgment affirmed.