## Lamb *v.* Elder, Appellant.

*Real estate broker—Principal and agent—Commissions—Case for jury.*

1. In an action by a real estate broker to recover commissions on the sale of real estate, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where the testimony tends to show that plaintiff was employed by the defendant to sell certain land in a distant state; that plaintiff procured a purchaser, who entered into a binding contract of sale with defendant, but subsequently finding defendant's

title deficient withdrew from it; that the proposed purchaser was himself subsequently authorized by another person to submit an offer for the land; that he did submit this offer to the plaintiff, who directed him to report the offer to and negotiate directly with the defendant owner; and that as a result of such negotiations the defendant sold the land to the party making the offer.

2. A real estate broker is the agent of the vendor. There must be an employment to constitute him an agent, and his service as such, however slight, must be the efficient cause of the sale. If a mere introduction of the property to the notice of the buyer effects the sale, the broker earns his commissions. An advertisement or any other service is enough if it be the immediate and efficient cause of the bargain.

Argued Oct. 24, 1913. Appeal, No. 145, Oct. T., 1913, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1912, No. 1,222, on verdict for plaintiff in case of Thyele M. Lamb, trading as Lamb & Co., v. Frank H. Elder. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for commissions. Before MAGILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,202.90. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant and (2) refusal of judgment for defendant n. o. v.

*Sydney Young,* for appellant.—The plaintiff's acts were not the proximate cause of the sale of the defendant's land: Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308; Smith v. McCann, 205 Pa. 57; Thompson v. Goldman, 41 Pa. Superior Ct. 209; Barber v. Miller, 41 Pa. Superior Ct. 442; Turner v. Baker, 225 Pa. 359; Lowenstein v. McPeak, 48 Pa. Superior Ct. 280.

*Leon H. Folz,* with him *Stanley Folz,* for appellee.— The case was for the jury: Dalmas v. Kemble, 215 Pa.

410; Warne v. Johnston, 48 Pa. Superior Ct. 98; Keys v. Johnson, 68 Pa. 42; Hartley v. Anderson, 150 Pa. 391; Jackson v. Carrick, 25 W. N. C. 132; Sussdorff v. Schmidt, 55 N. Y. 319; Peters v. Holmes, 45 Pa. Superior Ct. 278; McLaughlin v. Campbell, 78 N. J. Law, 541; Anderson v. Cox, 16 Neb. 10; Lincoln v. McClatchie, 36 Conn. 136.

OPINION BY HEAD, J., April 20, 1914:

The plaintiff, a real estate broker, seeks to recover certain commissions alleged to be due him by reason of the sale of certain real estate of the defendant. In such a case the plaintiff must show not only the existence of the relation of principal and agent between himself and the owner, but must further show that his services as such agent were the effective cause of bringing about the sale. Ordinarily this question would be one of fact to be determined by a jury. There is, however, in such case the usual preliminary question of law to be determined by the court, namely, whether or not there is any evidence to justify the submission of that question to the jury and to support a finding by them favorable to the plaintiff.

In the case at bar there is no difficulty as to the first proposition. It is conceded that the plaintiff was employed by the defendant to make a sale for him of a large tract of land in the state of North Carolina. The plaintiff secured a prospective purchaser in the person of one Painter. He, with a man named Scott, was the owner of an apartment house in the city of Camden. An agreement was entered into involving the sale and exchange of these properties. The agreement, however, was conditioned on the ability of the defendant to establish that he could exhibit a good title to an acreage agreed on and specified. Painter went south to satisfy himself as to these important matters. After one or more trips, he determined the defendant could not deliver a marketable title to anything like the acreage he

claimed.  In the exercise of the right reserved to him in the agreement, he concluded the sale and exchange agreed upon must be abandoned.  On one of his visits south he became acquainted with a man named Smith, who was an extensive buyer of lands in the vicinity of those owned by the defendant.  As the result of some arrangement between Painter and Smith, the former definitely concluded to cancel the conditional agreement already referred to and to bring north and submit an offer from Smith for the purchase of the defendant's property.  On his return to Pennsylvania he went to see the plaintiff Lamb, whom he knew to be the agent of Dr. Elder, and having first advised him that the proposed purchase by himself and Scott had been abandoned, laid before him the offer of Smith to buy the defendant's property.  The plaintiff Lamb thereupon directed Painter to go in person to the defendant owner and place before him the offer of Smith and do what he could to close the deal.  Painter then, at the instance of Lamb, went to the defendant and thus brought the latter for the first time to the knowledge of the new prospective purchaser Smith.  The defendant regarded the proposition so favorably that he concluded to go south, and as the result of his visit there, and the negotiations which followed, he finally sold and conveyed the land to Smith for a satisfactory price.  Thereupon the plaintiff claimed the amount of his commissions agreed on at the time the property was placed in his hands.

At the conclusion of the trial the learned trial judge was asked to direct a verdict for the defendant on the ground there was no evidence to submit to the jury to warrant a finding that the services of Lamb had been the inducing and effective cause resulting in the sale. The prayer for a binding direction was refused.  Following a verdict for the plaintiff, the court in banc was requested to enter judgment for the defendant non obstante veredicto, but the rule was discharged and judgment entered on the verdict.

In the present appeal we have but two assignments of error and these complain primarily of the action of the court in submitting the question to the jury. There is no complaint as to the manner of the submission.

We are not concerned with the very sharp contradictions in the testimony of the witnesses exhibited by the record. We must regard as established every fact supported by the plaintiff's evidence and every favorable inference that might reasonably be drawn therefrom. As we have stated, there is no dispute but that the defendant placed his property in the hands of the plaintiff broker for sale, nor is there any question as to the amount of the commissions the plaintiff is entitled to receive, if he may recover at all. There is evidence to support every fact herein previously noted. It was through no fault of the plaintiff that the sale and exchange first negotiated with Painter & Scott fell through. It is equally true that the owner was without blame in that his title proved unsatisfactory to the purchaser because the agreement was so expressly conditioned. The plaintiff had no cause of action thence arising and in no way rests his claim upon the services there rendered. But the property still remained in his hands for sale. Through channels entirely unknown to the owner, he was able to produce a new purchaser with a bona fide offer to buy the property. When Painter laid that offer before Lamb, the defendant's agent, had the latter gone in person to the owner and thus brought him into contact with Smith, it could hardly be doubted that if a sale resulted, the plaintiff would be entitled to his commission. Is the situation so far changed, merely because Lamb directed Painter to go to the owner instead of going himself, that the court below should have declared, as matter of law, there was no evidence to submit to a jury tending to prove that Lamb's agency was the effective cause of the sale which ultimately followed? We cannot think so.

There is no occasion, as we view it, to here advert to

the many recent decisions of this court and of the Supreme Court in cases of this character. For the purposes of this case the underlying principle is sufficiently stated by Chief Justice WOODWARD in the early case of Earp v. Cummins, 54 Pa. 394, cited with approval in almost every case that has followed it, viz. "A real estate broker is the agent of the vendor. There must be an employment to constitute him an agent, and his service as such, however slight, must be the efficient cause of the sale. If a mere introduction of the property to the notice of the buyer effects the sale, the broker earns his commission. An advertisement or any other service is enough if it be the immediate and efficient cause of the bargain." Regarding then the testimony of the plaintiff and of Painter, standing alone, and leaving out of view the statements of the answering witnesses attacking it at many points, we feel unable to say, as matter of law, that the plaintiff's case would have entirely failed and there would be no question for submission to the jury. The assignments of error must therefore be overruled.

Judgment affirmed.