Stevenson *v.* Nichols et al., Appellants.

Argued January 6, 1949; reargued April 15, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Philip H. Strubing,* with him *Evans, Bayard & Frick,* for appellants.

*George T. Steeley,* with him *William E. Schubert,* for appellee.

Opinion by Mr. Justice Allen M. Stearne, May 23, 1949:

This is an appeal, in an assumpsit action, from the refusal of defendants' motion for a new trial. The suit is for the recovery of commission by a real estate broker against the vendor of real estate. Two principal factual questions were involved, viz: (a) was the plaintiff the *exclusive* agent for the seller and (b) if plaintiff was but defendants' *general* agent, were the plaintiff's services the efficient cause of the sale? The verdict of the jury was for the plaintiff. Defendant assigns as error and the reason for a new trial a statement of the trial judge concerning the status of an agent of the *buyer.* It is maintained that the statement was misleading and prejudicial to defendants. The facts may be summarized as follows:

Defendants, Carleton Nichols and Paul Nichols, partners, owned 918 North Delaware Avenue, Philadelphia, a valuable business property which they desired to sell. H. B. McCollum, a broker (a friend of defendant's late father and the defendants) had been at-

tempting, unsuccessfully, to sell the premises since 1938. On July 2, 1945, plaintiff and his salesman, Albert Barnes, called upon defendants seeking to secure an *exclusive* agency to sell the premises. The plaintiff was informed of defendants' regard for their agent, Mr. McCollum. Plaintiff suggested that if an exclusive agency was given plaintiff, Mr. McCollum should receive, *from defendants,* a two and one-half per cent commission, so that on a sale defendants would pay a total commission of seven and one-half per cent. It was testified that, on behalf of defendants, this suggestion was made by plaintiff to Mr. McCollum, but he rejected it. It was testified by plaintiff, but denied by defendants, that thereafter the defendants granted plaintiff the *exclusive* agency to sell the real estate.

The Franklin Hardware & Supply Company, the purchasers, were in the market to purchase real estate of the character here involved. At a date not definitely fixed, but stated to be "two and a half years" before the trial on May 17, 1948, N. Herbert Moyer, Comptroller of Franklin *"made some calls through the classified directory and . . . called Markheim, Chalmers, and Ludington, in addition to many others, (real estate brokers) and Mr. Slotter (an employe of Markheim, Chalmers, and Ludington) in person came up with this property."* (37a)

There is a conflict in the testimony as to who *first* introduced the property to the buyer. Plaintiff testified that his employe, Mr. Barnes, submitted the property to Franklin on *July 27, 1945.* Paul Nichols, one of the defendants, testified that he first heard that Franklin was a prospect on July 31, 1945 *from their agent, Mr. Mc-Collum.* (49a). Mr. McCollum testified that he had submitted the property to Franklin through their agent (Slotter) on *July 27, 1945* (57a) *which was the first time he had knowledge that the Franklin Company, acting through Slotter, was interested.* (58a). Slotter

testified that *he* submitted the property to Moyer (Comptroller of Franklin) on *July 23, 1945.* (43a). Moyer testified that Slotter was the first one to submit the property to him (38a) but he couldn't remember the exact date.

The sale and transfer were thereafter concluded by McCollum representing the seller and Slotter on behalf of the buyer.

There was no dispute concerning the applicable principles of law. As stated by the trial judge, if the agency was *exclusive* the plaintiff would be entitled to his commission irrespective of who caused the sale: *Turner v. Baker,* 225 Pa. 359, 74 A. 172; *Owens v. Wehrle,* 14 Pa. Superior Ct. 536; *Werner v. Hindle,* 129 Pa. Superior Ct. 37, 194 A. 754. If the contract between the plaintiff and defendants was, as alleged by defendants, merely a general one, then the broker's commission would be only earned if his services were shown to be the efficient cause of the sale: *Bossart v. Erie Coal Mining Co.,* 276 Pa. 63, 119 A. 731. Such effort may consist of a mere introduction of the property to the buyer: *Lamb v. Elder,* 56 Pa. Superior Ct. 522. An owner may not, while negotiations are pending, ignore the broker and complete the sale, and thereafter refuse to pay the broker his commission: *Sowney v. Bair,* 269 Pa. 448, 112 A. 530; *Warne v. Johnston,* 48 Pa. Superior Ct. 98.

The trial judge left this question of fact to the jury. He said: (67a) "First, was there an exclusive agency? If there was, the plaintiff is entitled to recover a verdict at your hands. If there was not such an agency, was the plaintiff the person who, so far as the defendants are concerned, discovered and brought this purchaser to them? If he was, the plaintiff can still recover. If he wasn't the efficient and procuring cause of this sale, he cannot recover."

This was an accurate summation of the case.

The trial judge also said: (65a) "He [Slotter] was not acting as agent for the defendants. In this whole transaction, by the indisputable evidence, Slotter acted at all times solely and exclusively as agent for the buyer, the Franklin Company, and he had to look to the buyer alone for any commissions he might get for his part in the transaction. Therefore, it cannot be said, legally or fairly, that this property was submitted by Slotter on behalf of the defendants to the Franklin Company."

This was a correct statement. By McCollum's own testimony, the property was not submitted to Franklin by him *(through Slotter) until July 27, 1945,* the same day that *plaintiff* testified he submitted the property to Franklin. *Defendants now assert that in view of Slotter's testimony that Slotter submitted the property to Moyer (Comptroller of Franklin) on July 23, 1945, such submission was a submission by defendant.* But on July 23, 1945, McCollum did not know that Franklin was interested in the property or that Slotter was looking for a suitable property *for Franklin.* The court below questioned *McCollum* respecting his testimony that he first submitted the property to Slotter *on July 27, 1945:* (58a) "Q. . . . was that [i. e. July 27, 1945] the first time you submitted it to the Franklin Company through Slotter? A. The first time I had knowledge that the Franklin Company through Slotter——— Q. Was interested? A. Yes."

From this *undisputed* testimony, the trial judge correctly stated in his charge *"it cannot be said, legally or fairly, that this property was submitted by Slotter on behalf of the defendants to the Franklin Company",* i. e., *on July 23, 1945.*

Defendants belatedly contend that the trial judge should have charged that notice to a conceded agent of the buyer was notice to the buyer itself. But at the trial no one questioned this principle and no such request was submitted for charge. Even if it had been included

in the charge it would have been surplusage. As stated above, when Slotter, as agent for the buyer, submitted the property to the buyer, on *July 23, 1945,* McCollum, the *seller's agent,* did not know that Franklin was interested in the purchase and did not become aware of this fact until *July 27, 1945.* It follows that any submission of the premises on *July 23, 1945,* could not have been made *at the instance of the seller's agent,* who *then* was unaware of the buyer's interest. While perhaps it was unnecessary for the trial judge to have dealt with a matter over which there was no dispute, there were so many persons, in varying capacities, who appeared in the trial that in our view no harm resulted to defendants by such reference. The trial judge has committed no prejudicial error.

Judgment affirmed.