## Hastings v. Ross

Before Hoban, P. J., Eagen and Robinson, JJ.

*Paul A. McGlone*, for plaintiff.

*S. U. Colbassani*, for defendant.

ROBINSON, J., February 20, 1952.—This is a petition to open a judgment entered upon a written confession and let defendant into a defense.

On June 8, 1951, defendant executed and delivered a writing to plaintiff, therein appointing plaintiff as the "sole and exclusive agent for 90 days" to sell property of defendant at 114 Adams Avenue in the City of Scranton for the price or sum of $20,000. The paper also provided, inter alia, that defendant agreed "to pay the said agent 5% commission upon the gross

amount for which the said property is sold or bought and by whomsoever the sale may be made or effected during the life of this agreement."

The judgment which defendant seeks to open was entered against him in favor of plaintiff on September 7, 1951, upon the following provision in the writing:

"I hereby confess judgment in your favor for the sum of $1000 commission, waiving stay of execution, appeal, inquisition, errors and all other exemption laws."

The confession, in form, being for a specific sum readily ascertainable from the face of the instrument, the entry of the judgment was not improper in the absence of a stated restriction or requirement of a condition precedent to the taking of the judgment even though money was not payable. See Pacific Lumber Co. v. Rodd, 287 Pa. 454. Obviously, the confession contained in the sole and exclusive agency agreement was intended to secure plaintiff in his commissions if any were due him under the terms of the writing. The judgment cannot be permitted to stand if defendant is not, as a matter of fact, indebted to plaintiff for or on account of a sale of the property.

Where the relationship between the owner of property and a broker is that of sole and exclusive agency the broker is entitled to his commission irrespective of who caused the sale of the property, providing the sale occurred during the term of the exclusive agency. But where the contract between owner and broker is merely a general one the broker's commission is only earned if his services are shown to be the efficient cause of the sale: Senderling v. Boldwin et ux., 92 Pa. Superior Ct. 398; Stevenson v. Nichols et al., 362 Pa. 25. When the sale occurred and what efforts of the broker constitute "efficient cause" involve questions of fact which can only be determined by a jury. It is

clear that an owner may not ignore a broker who has been the inducing cause of a sale, and thereafter refuse to pay the earned broker's commission: Stevenson v. Nichols, supra.

We are of the opinion that the matter should be determined on its merits. The depositions filed for and against the rule reveal that plaintiff is a licensed real estate broker and defendant when he executed the exclusive agency agreement, owned and operated a restaurant liquor establishment at 114 Adams Avenue in Scranton known as the "Fern Cafe". This business, good will, fixtures and covering liquor license was the subject matter of the sale underlying the controversy. It was sold by defendant to one James M. Eagen.

Both defendant and Mr. Eagen testified that they discussed the sale for a period of one year but did not finally come to conclude the matter until September 10, 1951, five days after the expiration of the 90-day period set in plaintiff's agreement. On this day the seller and buyer executed necessary papers which, with the purchase price of $19,000, were placed in escrow with an attorney to await transfer approval by the Pennsylvania Liquor Control Board. The actual transfer of the property did not occur until October 4, 1951. The evidence far from establishes that the sale of the business was consummated or brought about during the term fixed in the exclusive agency agreement or that afterward plaintiff or his employe was the efficient and procuring cause of the transaction.

On the other hand, plaintiff testified he never saw the purchaser, but talked to him on the telephone two days before judgment was entered. The subject of the telephone conversation is not on the record. Plaintiff's employe, his father, testified he saw the purchaser twice during the term of the agreement, in a local bank and on the street, and merely asked him if he was in-

terested. The record does not disclose that plaintiff brought to defendant a buyer ready, willing and able to purchase the business.

The opening of a judgment ordinarily is a matter resting within the discretion of the court and we are of the opinion that a proper exercise of that discretion in accordance with principles of equity and justice require a conclusion that this controversy should be submitted to a jury.

Now, February 20, 1952, the rule to open judgment is made absolute and an issue is framed in which the judgment shall stand as a complaint and the petition to open as an answer.