Whiteman & Co., Appellant, *v.* Fidei.

Argued April 13, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Robert Engel*, with him *Everett S. C. Sorber*, for appellant.

*Henry E. Shaw*, with him *Scales & Shaw*, for appellees.

OPINION BY ERVIN, J., July 13, 1954:

This is an action in assumpsit to recover a real estate broker's commission. The case was tried on stipulated facts resulting in a decree dismissing the complaint and entering judgment in favor of the defendants.

The property involved in this case was conveyed by deed dated August 15, 1951 to Frank J. Fidei and George Deaunovich, who executed and delivered a purchase money mortgage dated August 31, 1951 in the amount of $18,000.00 to Ralph R. McWilliams and Sarah S. McWilliams, his wife. George Deaunovich later conveyed his entire interest in the property to Frank J. Fidei by deed dated January 17, 1952 subject to the aforesaid purchase money mortgage which the grantee fully assumed and agreed to pay. The purchase money mortgage became in default on February 29, 1952 when the mortgagor was unable to make

the principal payment of $500.00 then due plus interest from August 31, 1951. Shortly thereafter, on March 26, 1952, Frank Fidei and Lucille Fidei, his wife, entered into an agreement with John Whiteman, a real estate broker, trading as John Whiteman & Co., whereby the broker was given the exclusive right to sell the property known as Levelgreen Supermarket, Levelgreen, Westmoreland County, Pennsylvania, prior to July 1, 1952. This agreement also provided that "If a sale or an exchange is made or a purchaser procured by said John Whiteman & Co. or by any of the undersigned or by any other person during said period prior to expiration date set forth herein or said property is sold or exchanged within such period whether negotiated by John Whiteman & Co. or not, the undersigned agree to pay said John Whiteman & Co. a commission of ten percent for sale of said property or of five percent of lease amount." The agreement was signed by Frank and Lucille Fidei and was accepted by the broker on March 26, 1952. On May 13, 1952 the mortgagees, through their attorney, gave the defendants written notice that unless the delinquent payment was made or a reconveyance of the property was made on or before May 21, 1952, foreclosure proceedings would be instituted. Unable to make the payment of principal and interest in accordance with the terms of the mortgage prior to May 21, 1952, the defendant, Frank Fidei, did execute a deed which reconveyed the property to the mortgagees for a nominal consideration shown on the deed in the amount of $1.00. However, it was stipulated the true consideration was the payment of $1,000.00, and the release by the mortgagees to Frank Fidei of the latter's indebtedness to them in the amount of the unpaid balance of the mortgage and the interest in the amount of $18,-600.00, and the satisfaction of the same mortgage on

the record and satisfaction of all liability by the defendants on the bond accompanying the mortgage. Upon learning of the conveyance of the property to the mortgagees, Whiteman, the broker, demanded his commission, based upon the amount of the mortgage in default, plus accrued interest, plus $1,000.00. Defendants refused to pay, Whiteman brought suit, and now appeals from the entry of judgment in favor of the defendants.

The sole question for determination is whether the conveyance of the property by the owner to the mortgagees in return for cancellation of the mortgage and bond, plus payment by the mortgagees to the owner of $1,000.00, constituted a "sale or exchange" within the terms of the contract between the owner and his wife and the broker.

In *McElhinney v. Belsky*, 165 Pa. Superior Ct. 546, 550, 551, 69 A. 2d 178, in discussing the term "sale or exchange" it was stated: "Blackstone's definition of 'sale or exchange' is still followed, as evidenced by the opinion in Helvering v. Nebraska Bridge Supply & Lumber Co., 115 F. 2d 288, 290 (CCA 8c) : 'When used together, the words "sale or exchange" comprehend a "transmutation of property from one man to another in consideration of some price or recompense in value". 2 Blackstone Comm. 446.'

"The two basic elements of this definition are (1) a transfer of property from one person to another; and (2) a valuable recompense. To be classified as a sale or exchange the transaction must meet both of these tests."

The words "sale or exchange" were also recently construed in *Larus v. Commissioner of Internal Revenue*, 123 F. 2d 254 (CCA 2). In that case the owners, as tenants in common, of real estate, deeded to the mortgagee all their interest in the premises in consid-

eration of obtaining a release from liability on the bond and mortgage. This disposition of the property resulted in a loss to one of the owners of $12,500.00 which he sought to deduct in full in computing his federal income tax. The Board of Tax Appeals held, however, that it was a capital loss subject to a limitation of $2,000.00. The Court, in affirming the Board of Tax Appeals decision, said at page 255: "The question in dispute is whether the loss was sustained 'upon the sale or exchange of a capital asset' within the meaning of section 117 (a). It has recently been settled beyond cavil that a loss sustained upon sale pursuant to decree in a mortgage foreclosure suit is a capital loss, notwithstanding the involuntary character of the transfer of title. . . . A fortiori, it would seem that a mortgagor's voluntary conveyance of his equity in satisfaction of the mortgage debt must be a 'sale or exchange' and any loss resulting therefrom a capital loss. . . .

"The petitioner seeks to escape from these authorities by arguing that his equity in the premises became worthless in January, 1936, prior to the last day of the month, that he and his co-mortgagor decided about January 15th to abandon the property and, therefore, the delivery of their deed to the mortgagee on the 31st was not a sale or exchange 'but merely substantiated the fact of an abandonment of the property.' . . . The petitioner's argument that the conveyance to the mortgagee in satisfaction of the mortgage debt was not a 'sale or exchange' fails, and the Board's decision must be affirmed."

The instant case clearly meets both of the tests noted in *McElhinney v. Belsky*, supra. The appellee conveyed the property to the mortgagees and, as consideration for the transfer, received a discharge from

liability under the bond and mortgage plus a cash payment of $1,000.00 from the mortgagees.

The court below stresses the fact that the conveyance was not made as a result of the efforts of the appellant. In its opinion, after outlining the facts, the court states: "Under these circumstances the plaintiff did not earn his commission. There was no sale or exchange." And in the concluding paragraph of the opinion it is stated: "The plaintiff earned no commission. On the facts in this case his efforts did nothing to bring about the conveyance of the land to the mortgagee." Under the terms of the agreement between appellant and the appellees the appellant's right to his commission was not dependent solely upon his efforts in effecting a sale or exchange. The agreement clearly provides that appellant was entitled to his commission *regardless of who made, procured, or negotiated the sale or exchange.* It is well settled that where an owner of real property by contract gives a real estate broker an exclusive right to sell the property and the property is sold within the time prescribed, the broker is entitled to his commission irrespective of who causes the sale. *Stevenson v. Nichols et al.,* 362 Pa. 25, 66 A. 2d 235; *Szemis v. Szlachta,* 172 Pa. Superior Ct. 351, 93 A. 2d 892.

Under the facts here, we hold the conveyance of the property by the owner to the mortgagees in return for full release of liability under the mortgage and bond, plus payment by the mortgagees of $1,000.00 to the owner, constituted a "sale" within the terms of the contract between the owner and real estate broker and the broker is therefore entitled to his commission.

Judgment reversed and here entered for appellant.