Ford v. Ford

*Joseph A. Agozzino*, for appellant
*Joseph J. Del Sordo*, for appellee

DOZOR, *J.*, June 20, 2013—

## NATURE AND HISTORY OF THE CASE:

This appeal is an appeal from this court's final order denying plaintiff's petition to set aside property settlement agreement and open equitable distribution, and an appeal of this court's order sustaining defendant's preliminary objections to petitioner plaintiff's preliminary objections to petitioner plaintiff's petition to set aside property settlement agreement and open equitable distribution and cancelling the April 3, 2013 trial date, dated March 26, 2013. The nature and history of the case is as follows:

On October 22, 2001, Patricia M. Ford ("appellant wife") commenced a divorce action against Gary D. Ford ("appellee husband"). Appellant wife was independently represented by legal counsel of her selection, Michael R. Sweeney, Esquire, at the time of filing the divorce action, in the negotiation, preparation and execution of the property settlement agreement ("PSA"), in the entry of the final divorce decree (May 13, 2003), and thereafter. On January 24, 2003, the parties signed a PSA. At the time

of signing the PSA, appellant wife was still represented by Mr. Sweeney.

On May 12, 2003, appellant wife and appellee husband were divorced from bonds of matrimony by decree of this court. Appellant wife, through her attorney, caused the PSA to be incorporated in the divorce decree. The PSA was modified and ratified, in writing, by addendums four times before it was incorporated into the final divorce decree (on January 24, 2003, February 5, 2003, February 28, 2003, and March 14, 2003) and, during all of these modifications, Mr. Sweeney continued to represent appellant wife. The PSA was still modified and ratified, in writing, an additional two times after it was incorporated into the divorce decree (on December 22, 2003, and June 24, 2004). On or before June 24, 2004, appellant wife was paid all she was owed under the PSA.

Appellant wife filed a petition to set aside property settlement agreement and open equitable distribution on February 17, 2012, and an amended petition to set aside property settlement agreement and open equitable distribution on October 2, 2012.

This court held a hearing on the petition to set aside property settlement agreement and open equitable distribution and the preliminary objections to that petition on February 4, 2013. Following the hearing, the attorneys submitted to this court proposed findings of fact and conclusions of law as well as proposed orders. On March 26, 2013, this court issued an order denying appellant wife's petition to set aside the property settlement agreement and denied the request to open the equitable distribution hearing. This court also sustained appellee husband's

preliminary objections to appellant wife's petition to set aside the property settlement agreement and denied the request to open the equitable distribution hearing. Finally, this court's March 26, 2013 order cancelled the February 4, 2013 trial date.

On April 30, 2013, appellant wife filed a notice of appeal. On May 6, 2013, this court issued an order requesting a statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b). In response to the 1925(b) request, appellant wife submitted the following issues on appeal:

1. The court erred in sustaining husband's preliminary objections since the property settlement agreement in issue herein lacked full and fair disclosure of the parties' fair financial status in that it failed to provide values for the individual assets it disclosed.

2. The court erred in sustaining husband's preliminary objections since Wife alleged fraud with the adequacy and specificity required to overcome a preliminary objection related thereto.

3. The court erred in sustaining husband's preliminary objections since wife stated a cause of action for recovery of funds still due to her under the property settlement agreement with the adequacy and specificity required to overcome a preliminary objection related thereto.

## FACTS:

Appellant wife is an adult individual currently residing at 13 Reservation Trail, Media, Pennsylvania. Appellee

husband is an adult individual currently residing at 416 Turner Road, Media, Pennsylvania 19063. The parties were formerly husband and wife, having lawfully married on May 18, 1984. *See* property settlement agreement ("PSA"), page 1. The parties were divorced by court order, signed by this court, on May 12, 2003. This court notes that the property settlement agreement, includes the addendums dated January 24, 2003, February 5, 2003, February 28, 2003, March 14, 2003, a fifth addendum of March 14, 2003 signed and dated by the parties on December 22, 2003, and finally, a sixth addendum dated July 24, 2004 signed and dated by the parties June 24, 2004. The divorce decree specifically states, "Said Agreement shall not merge with, but shall survive this Decree." This court notes that the sixth addendum signed on June 24, 2004 specifically states:

> WHEREAS, the parties have agreed to settled the two remaining issues. One, being the cash owed second, the proceeds of the sale of the Howarth Property.

> WHEREAS, the parties have agreed to settled both in the amount of (Sixty Thousand dollars) $60,000.00.

The PSA disposes of all of the claims that either party may have had against the other by reason of their marital relationship and otherwise, and releases the other from any such claims. The PSA had no income tax returns (as exhibits), or any other indication of the income generated by Ear 2 Ear, in the body of the agreement. While the PSA does not state a dollar value of any asset, it fully and meticulously identifies and discloses, in painstaking detail, all of the property being disposed of therein as well as the assets and monies to be received by each party and

the methodology for such disposition.

The petition, which this court denied, was filed nine years after the last PSA was modified and nine years after the last payment was received by appellant wife. Appellant wife took no action to challenge or overturn the PSA from the time it was initially signed on January 24, 2003, until the time she filed a petition to set aside property settlement agreement and open equitable distribution on February 17, 2012, a period of over nine years.

In her petition, appellant wife did not specifically identify, nor specifically allege that a single marital asset was not disclosed in the property settlement agreement. Appellant wife did not allege the value of a single asset. Appellant wife did not allege that the value of the assets and benefits that appellee husband received under the PSA was disproportionate to what she received. Appellant wife did not allege that the PSA failed to make reasonable provisions for her.

This court notes that appellant wife acknowledged that she fully understood each and every provision of the PSA and its legal consequence, and appellant wife concurred that the PSA was fair and equitable, that it was being entered into freely and voluntarily, and that it was not the result of any fraud, coercion duress, undue influence or collusion, nor induced by any improper or illegal means whatsoever. Additionally, appellant wife did not allege that the PSA was unfair, unjust or inequitable under the circumstances.

Additionally, appellant wife did not allege any articulable fraud such that would affect what appellant wife received under PSA. Appellant wife did not aver

with particularity any fraud or misrepresentation such as would have affected a disclosure of any martial property.

This court notes that as of June 24, 2004, appellant wife was fully paid all that she was due under the PSA. Appellant wife waited over nine years from the signing of the PSA (and nearly eight years after receiving full payment under the PSA) before first making her claim. Appellant wife alleged and testified that a non-party, Ron Ottaviano, was convicted of a crime; however, appellant wife did not provide this court with evidence as to how that conviction, if true, affects the agreement reached by the parties. This court notes that Mr. Ottaviano was a trustee of marital property and assisted appellee husband in establishing certain trusts that are contained in the PSA. appellant wife alleged that it was as a result of her receiving correspondence from the New Jersey District Court Probation Office, Division of New Jersey, regarding Mr. Ottaviano, that caused her to seek counsel to review the January 24, 2003 property settlement agreement. Appellant wife did not provide this court with any specific crimes committed by Mr. Ottaviano. This court is not permitted to speculate that any fraud or crime might have been committed that affects the petitoner.

## DISCUSSION:

It is well-settled law in Pennsylvania that a husband and wife are free to determine their property rights and support obligations by contract called a property settlement agreement. *See* 23 Pa.C.S. §3105. A property settlement agreement and its addendums will be enforced by the courts in accordance with the same rules of law applicable to contract interpretation. *Gocek v. Gocek*, 417

Pa. Super. 406, 409, 612 A.2d 1004, 1006 (1992), citing *Kleintop v. Kleintop*, 291 Pa. Super. 491, 495, 436 A.2d 223, 225 (1981).

"[T]he paramount goal of contract interpretation is to ascertain and give effect to the parties' intent." *Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa. Super. 2004), citing *Lang v. Meske*, 850 A.2d 737, 739 (Pa. Super. 2004). In Pennsylvania, property settlement agreements are presumed to be valid and binding on the parties. *McGannon v. McGannon*, 241 Pa. Super. 45, 359 A.2d 431 (1976). When interpreting a property settlement agreement, the court will determine that the former husband and wife will be bound by their agreements, absent proof of fraud, misrepresentation or duress. *Sabad v. Fessenden*, 825 A.2d 682, 688 (Pa. Super. 2003). Additionally, the former husband and wife will be bound "without regard to whether the terms were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains." *Id.* at 688. A court may construe or interpret a property settlement agreement as it would a contract; however, that same court has neither the power nor the authority to modify that property settlement agreement unless there is conclusive proof of fraud or mistake. *See Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa. Super. 2004).

In drafting the property settlement agreement, the husband and wife are required to provide to each other a full disclosure and fair disclosure of their financial resources, *Stoner v. Stoner*, 572 Pa. 665, 673, 819 A.2d 529, 533 (2003). Therefore, in order for this court determine that there was no error in denying the petition to set aside the property settlement agreement and that there was no error in granting the preliminary objections, the parties

property settlement agreement must contain a full and fair disclosure of their respective financial positions. *Colonna v. Colonna*, 791 A.2d 353, 355 (Pa. Super. 2001), citing *Simeone v. Simeone*, 525 Pa. 392, 402, 581 A.2d 162, 167 (1990).

The pertinent question therein becomes: what constitutes full and fair disclosure?

The Pennsylvania Supreme Court has held that because the parties to a property settlement agreement stand in a relation of mutual confidence and trust, the disclosure of their financial positions in preparation of the property settlement agreement must be full and fair; however, it need not be exact. *Simeone v. Simeone*, 525 Pa. at 402, 581 A.2d at 167. Therefore, a full and fair disclosure in the property settlement agreement merely requires sufficient disclosure to allow the intended party to make an informed decision. *Busch v. Busch*, 732 A.2d 1274, 1278 n.5 (Pa. Super. 1999), citing *Gula v. Gula*, 380 Pa. Super. 249, 254, 551 A.2d 324, 327 (1988).

If there is no full and fair disclosure in a property settlement agreement, a party may assert that there has been a material misrepresentation in the inducement for entering into a property settlement agreement. *Sabad v. Fessenden*, 825 A.2d at 68. Pennsylvania courts have determined that there is a presumption of full disclosure when a property settlement agreement specifically provides that full disclosure of the parties' financial assets has been made. *Porreco v. Porreco*, 571 Pa. 61, 69, 811 A.2d 566, 570 (2002). With a presumption of full disclosure, the burden falls on the party seeking to invalidate the property settlement agreement to show that a fraudulent

misrepresentation occurred. *Porreco v. Porreco*, 571 Pa. at 69, 811 A.2d at 570 (2002). "If a spouse attempts to rebut this presumption through an assertion of fraud or misrepresentation then this presumption can be rebutted [only] if it is proven by clear and convincing evidence." *Simeone v. Simeone*, 525 Pa. at 403, 581 A.2d at 167 (1990), citing *Hillegass Estate*, 431 Pa. 144, 152-53, 244 A.2d 672, 676-77 (1968).

This court's concern with this allegation is that appellant wife appears to be taking issue with the underlying inequity of the property settlement agreement, but is expressing that concern by way of a fraudulent misrepresentation claim. After all, parties to a property settlement agreement are bound "without regard to whether the terms were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains." *Sabad v. Fessenden*, 825 A.2d at 688. However, a court may find that a party is not bound to a contractual provision, if the court deems that provision to be unconscionable. *See Colonna v. Colonna*, 791 A.2d 353, 357 (Pa. Super. 2001). In order for a court to find a contractual provision unconscionable, it must determine "that the contractual terms are unreasonably favorable to the drafter" and that there [was] no meaningful choice on the part of the other party regarding acceptance of the provisions.'" *Colonna v. Colonna*, 791 A.2d 353, 357 (Pa. Super. 2001), citing *Todd Heller Inc. v. United Parcel Service Inc.*, 754 A.2d 689, 701 (Pa. Super. 2000).

That brings this court to examine the property settlement agreement at hand. Overall, this court finds that this agreement is not unconscionable because appellant wife has failed to show that both parties were not of

equal bargaining power. All properties and trusts created relating to those properties are specifically listed in the property settlement agreement. *See* property separation agreement, ¶12, Pages 8-9. Therefore, we find that appellee husband made a full and fair disclosure of his financial position at the time the agreement was executed. We further find that appellant wife has failed to present any evidence of fraudulent misrepresentation on the part of appellee husband. As such, we are compelled to uphold the agreement under Pennsylvania law.

First and foremost, this court notes that appellant wife waived her right to any claim not contained in the property settlement agreement, and she is therefore precluded from bringing this action. Also, pursuant to the terms of the property settlement agreement, wife's time for voiding it expired on April 15, 2003, or after she received $195,000 (at the latest, June 24, 2004), both passed approximately ten (10) years ago. Thus, it is this court's position that wife waived her right to bring this action, and is therefore precluded from pursuing it. Even in light of the above, this court will individually address each issue complained of on appeal.

The first issue complained of on appeal is that this court erred in sustaining preliminary objections because the property settlement agreement at issue lacked full and fair disclosure of the parties' financial status in that it failed to provide values for the individual assets it disclosed. We determine that there was adequate disclosure of the parties' financial status, and that disclosure was full and fair, without the explicit inclusion of dollar amounts. As discussed above, while financial disclosure must be full and fair, it need not be exact. *See Simeone v. Simeone,*

525 Pa. at 4012, 581 A.2d at 167. Therefore, full and fair disclosure merely requires sufficient disclosure to allow the intended party to make an informed decision. *Busch v. Busch*, 732 A.2d at 1278 n.5, citing *Gula v. Gula*, 380 Pa. Super. at 254, 551 A.2d at 327.

This court so finds such full and fair disclosure because, first, appellant wife was represented by her own hand picked, competent legal counsel in the preparation and execution of the property settlement agreement. Second, both parties and their respective attorneys jointly prepared the property separation agreement; therefore all disclosures are the joint disclosures of both parties, not just appellee husband. Third, the property settlement agreement, which does not state a dollar value of any asset, still meticulously identifies and discloses, in painstaking detain, all of the property being disposed of therein as well as the assets and monies to be received by each party and the methodology for such disposition. Wife therefore cannot now complain about husband's alleged failure to disclose anything to her satisfaction. Additionally, wife acknowledged that she carefully read and fully considered the property settlement agreement and all of the statements, terms, conditions and provisions thereof prior to signing. Section 29 of the property settlement agreement consists of a waiver, which explicitly states:

> Each of the parties is fully cognizant of his or her respective right to a full and fair disclosure of the nature, value and extent of the assets, income, expectancies and liabilities of the other, however owned, designated or titled, prior to the execution of this Agreement.

Furthermore, wife, by signing the property settlement

agreement, acknowledged that she was intimately familiar with the assets, income, expectancies and liabilities of the other, however designated or titled, that she possesses all knowledge she desires regarding the same, that she has been given the unrestricted opportunity to obtain any information she desires through whatever process she desires, that she elected to waive any further itemization, enumeration, or further disclosures.

In order to ensure such a full and fair disclosure, wife either used such methodology of discovery to her satisfaction, or elected not to do so at that time, and cannot now complain about not doing so or to the absence of placing such values in the property settlement agreement. As section 45 of the property settlement agreement states

this Agreement contains the entire understanding of the parties, and there are no representations, warranties, covenants or undertakings other than those expressly set forth herein.

In light of the above, it appears that wife was given ample opportunity to challenge the depth, objectivity, or substance of the disclosure provided in the property settlement agreement, and with competent assistance of counsel, voluntarily agreed to enter into the agreement at issue. Therefore, regardless of the parties' exclusion of dollar amounts, there was a full and fair disclosure of the parties' financial status.

The second issue complained of on appeal is that the court erred in sustaining husband's preliminary objections since wife alleged fraud with the adequacy and specificity required to overcome a preliminary objection related thereto. As Pennsylvania law has outlined, full and fair

disclosure is presumed when a property settlement agreement specifically provides that full disclosure of the parties' financial assets has been made. *Porreco v. Porreco*, 571 Pa. at 69, 811 A.2d at 570. That presumption of full and fair disclosure may be overcome by proving fraud or misrepresentation, and such fraud or misrepresentation *must* be proven by clear and convincing evidence." *Simeone v. Simeone*, 525 Pa. at 403, 581 A.2d at 167, citing *Hillegass Estate*, 431 Pa. at 152-53, 244 A.2d at 676-77. While appellant is correct that the property settlement agreement may be set aside by proving fraud or misrepresentation, the mere allegation of fraud or misrepresentation does not give cause to summarily set the agreement aside. Wife must prove by clear and convincing evidence that such fraud of misrepresentation existed, and no such evidence has been presented. Appellant has not, and is likely unable to present clear and convincing evidence that and such fraud or misrepresentation existed in the instant case.

Appellant wife alleges a fraudulent misrepresentation occurred because appellee husband fraudulently converted marital property in to trusts to divest her of her interest in said marital property. The allegations precedes thusly; 1) husband allegedly owned no less than fourteen properties, as well as other valuable personal items, all listed in the property settlement agreement[1]; 2) these items were allegedly purchased during the course of the marriage, and are thus marital property even though those properties and items were titled to husband alone; 3) that husband intentionally transferred these properties and items into fourteen trusts in order to divest wife's

---

1. *See* property separation agreement ¶12, pages 8-9

interest in those properties and items[2]; 4) the alleged trusts had no assigned value or contents listed in the property settlement agreement[3]; 5) that a Mr. Ronald Ottaviano assisted husband in the creation of the trusts at issue, and he currently, or formerly served as a trustee of Howarth Trust, one of the trusts at issue; 6) Sometime in 2011 Mr. Ottaviano was convicted on a number of federal crimes, all related to trusts created by Mr. Ottaviano's company, Mid-Atlantic Trustees and Administrators.

In light of the above, and in addition to ample testimony heard on February 4, 2013, this court determines that the appellant has not provided clear nor convincing evidence or testimony that would rise to the level of fraud or misrepresentation, and that the evidence and testimony provided to this court is circumstantial, at best. First, we note again, that appellant wife was represented by competent counsel in the preparation and execution of the property settlement agreement. Second, both parties and their respective attorneys jointly prepared the property separation agreement; therefore all disclosures (including the trusts at issue) are the joint disclosures of both parties, not just husband. Additionally, we again point to section 29, which explicitly states:

Each of the parties is fully cognizant of his or her respective right to a full and fair disclosure of the nature, value and extent of the assets, income, expectancies and liabilities of the other, however owned, designated

2. A review of the property settlement agreement reveals that wife was aware of the existence of the trusts and the contents thereof, at the signing of the initial PSA, and every addendum thereafter

3. This court notes that the property separation agreement, ¶12, pages 8-9, specifically lists the contents of each trust.

or titled, prior to the execution of this Agreement.

Wife had furthermore been given the unrestricted opportunity to obtain any information she desired through whatever process she desired, that she elected to waive any further itemization, enumeration, or further disclosures, including the trusts at issue. Wife had the opportunity to use such methodology of discovery to uncover the contents and value of the trusts, or elected not to do so at that time. Wife further acknowledged in paragraph 32 that the property settlement agreement:

> is not the result of any fraud, coercion, duress, undue influence or collusion, nor induced by any improper or illegal means whatsoever.

Appellant wife cannot now, nearly ten (10) years after the fact, complain that her oversight and failure to fully investigate the contents and value of the trusts qualifies as clear and convincing proof or fraud or misrepresentation and warrants that the property settlement agreement should be voided.

Furthermore, wife has not provided, and is likely unable to provide any clear or convincing evidence, aside from her word, that said trusts contained any of the properties or items listed in her petition, and that any of those items were, in fact, marital property. Lastly, beyond bald allegations and mere speculation, wife has not, beyond any reason of doubt, proven that Mr. Ottaviano, outside of setting up these trusts, played any role in the alleged plot to misrepresent appellee husband's assets.

However, as outlined above, even if there is no clear and convincing proof of fraud or misrepresentation, a court

may find that a party is not bound by a contractual provision if the court deems that provision to be unconscionable, or, "that the contractual terms are unreasonably favorable to the drafter" and that there [was] no meaningful choice on the part of the other party regarding acceptance of the provisions.'" *Colonna v. Colonna*, 791 A.2d at 357, citing *Todd Heller Inc. v. United Parcel Service Inc.*, 754 A.2d at 701. This court finds that the standard of unconscionability, in the case at hand, is impossible to meet, because both parties, with the assistance of counsel, drafted the property settlement agreement. As such, it would be impossible for the terms to unreasonably favor the drafter. Furthermore, as outlined above, appellant wife made a meaningful, and deliberate choice regarding of acceptance of provisions. Not only did counsel represent appellant wife throughout the negotiation, drafting, and signing of the document, but paragraph 32 of the property settlement agreement specifically acknowledges:

> that this Agreement is, under the circumstances, fair and equitable, that it is being entered into freely and voluntarily.

Accordingly, because the parties were of equal bargaining power, and appellant wife meaningfully chose to accept the provisions of the property settlement agreement, there and be no finding of unconscionability. Furthermore, appellant wife, with the assistance of counsel, later amended the property separation agreement six (6) separate times without once complaining that the agreement was unfair or unconscionable. The sixth addendum specifically states:

> WHEREAS, the parties have agreed to settled the two remaining issues. One, being the cash owed second, the

proceeds of the sale of the Howarth Property.

WHEREAS, the parties have agreed to settled both in the amount of (Sixty Thousand dollars) $60,000.00.

Therefore, because appellant wife had ample opportunity, with assistance of counsel, to investigate the true contents and value of the trusts at issue, and has not shown any evidence that any of the items listed in her petition are held in those trusts, are even marital property, or that Mr. Ottaviano improperly assisted appellee husband in creating or administrating said trusts, appellant wife has failed to adequately meet her burden of providing clear and convincing evidence of fraud or misrepresentation. Furthermore, because both parties were of equal bargaining power, and wife willfully and knowingly entered into, and meaningfully chose to accept the provisions of the property settlement agreement, there can be no finding that the agreement is unconscionable. Therefore, this court determines that the presumption of full and fair disclosure stands, and the property settlement agreement of January 24, 2003 must remain in place.

The third issue complained of on appeal is that, the court erred in sustaining husband's preliminary objections since wife stated a cause of action for recovery of funds still due to her under the property settlement agreement with the adequacy and specificity required to overcome a preliminary objection related thereto. This is simply not the case. Wife has not stated any claim with particularity. Wife merely claims that she is owed money, "in excess of twenty thousand dollars ($20,000.00)." However, aside from a generic dollar amount, wife has failed to show more specifically how much she is owed, and most

importantly, appellant wife has not made this court aware, in her petition or otherwise, of why appellee husband still owes her money. She has not referenced a provision that appellee has not complied with, nor has she alleged what financial obligation appellee has failed to meet. Therefore, for the reasons set forth above, wife has not stated a claim upon which relief can be granted.

In conclusion, this court finds that this agreement is not unconscionable because appellant wife has failed to show that both parties were not of equal bargaining power. Furthermore, we find that appellee husband made a full and fair disclosure of his financial position at the time the agreement was executed. We further find that appellant wife has failed to present any evidence of fraudulent misrepresentation on the part of appellee husband. As such, we are compelled to uphold the agreement under Pennsylvania law.

Therefore, this court did not err in determining that appellee husband's preliminary objections were sustained and that appellant wife's petition to set aside the property settlement agreement and open equitable distribution was denied and dismissed. Since this court has denied and dismissed the petitions and sustained the preliminary objections, the trial date of April 3, 2013 was properly cancelled.

## CONCLUSION:

For all of the foregoing reasons, the trial court's order of March 26, 2013 should be affirmed.